Nov. Term,
1859.

McCord
v.
The Ohio
and Missis-
sippi Rail-
road Co.

---

McCord *v.* The Ohio and Mississippi Railroad Company.

Suit by a railroad company upon a subscription of stock. Answer, 1. A denial of the subscription. 2. That the capital stock of the company was fixed by the act of incorporation at 5,000,000 dollars, in shares of 50 dollars each, and that they had no power to issue certificates for a larger sum, except as in the act of incorporation provided as follows: "Provided, that if the capital stock of said company any time subscribed shall be insufficient for the purposes aforesaid, of this act, it shall and may be lawful for the president and directors of said company, from time to time, to increase the said stock, by the addition of as many shares as they may deem necessary, for which they may, at their option, cause subscriptions to be received in the manner prescribed by them, or may sell the same for the benefit of the company." That before the commencement of the suit, the company had issued stock to the amount of 5,000,000 dollars, in shares, &c., and that said amount, &c., was sufficient, &c.; that the president, &c., have not, at any time before the commencement of the suit, increased the capital stock, &c., beyond that amount, nor was the same necessary, &c. 3. That the capital stock was limited to 5,000,000 dollars, and no more, except, &c.; that the plaintiffs fraudulently issued stock to an amount exceeding 5,000,000 dollars, the same not being then and there necessary, &c., and then and thereby rendered the original subscription to the capital stock of the company of no value, and reduced the market price of the stock, &c.; wherefore, &c. Reply, to the second paragraph, that after the issue of the stock in said paragraph mentioned, to the amount of 5,000,000 dollars, the plaintiffs ordered and directed, as by the said charter was authorized, a further issue, &c., to the amount of 1,500,000 dollars, of which, 500,000 dollars has been issued, and that the issue of the further sum of 1,000,000 dollars is authorized; and that the issue of said additional stock was necessary, &c.

*Held*, 1. That the third paragraph of the answer was bad on demurrer.

2. That the issue formed upon the second paragraph of the answer was material; and that it devolved upon the plaintiffs to prove that the stock had been increased as alleged in their reply.

APPEAL from the *Knox* Circuit Court.

WORDEN, J.—Suit by the company against the appellant on a stock subscription.

The complaint alleges the making of the subscription, setting out a copy, and also the making by the company of the proper calls, and notice thereof to the subscribers.

An answer of three paragraphs was filed, viz.:

1. A denial of the subscription as set forth.

2. That the capital stock of the plaintiffs was fixed by their act of incorporation at 5,000,000 dollars, in shares of 50 dollars each, and that the plaintiffs had no power to issue certificates of stock for a larger sum than 5,000,000 dollars, except as in the act of incorporation is provided, as follows: "Provided, that if the capital stock of said company any time subscribed shall be insufficient for the purposes aforesaid of this act, it shall and may be lawful for the president and directors of said company, from time to time, to increase the said stock by the addition of as many shares as they may deem necessary, for which they may, at their option, cause subscriptions to be received in the manner prescribed by them, or may sell the same for the benefit of the company;" that before the commencement of the suit, the plaintiffs had issued stock to the amount of 5,000,000 dollars, in shares of 50 dollars each, and that said amount of capital stock was sufficient for the purposes contemplated by said act of incorporation; that the president and directors of the company have not, at any time before the commencement of the suit, increased the capital stock of the plaintiffs beyond the amount of 5,000,000 dollars, nor was the same necessary, &c.

3. That the capital stock of the plaintiffs was, by their act of incorporation, limited to 5,000,000 dollars, and no more, except as in the second paragraph is stated; that the plaintiffs fraudulently issued stock to an amount exceeding 5,000,000 dollars, the same not being then and there necessary to carry out the objects of said act of incorporation, and then and thereby rendered the original subscription to the capital stock of the company of no

Nov. Term,
1859.

McCORD
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

*Friday,
December* 2.

Nov. Term, 1859.

McCord
v.
The Ohio
and Missis-
sippi Rail-
road Co.

value, and reduced the market price of the stock from its par value to five dollars per share thereof; wherefore, &c.

To the second paragraph, the plaintiffs replied, "that after the issue of the stock in said paragraph mentioned, to the amount of 5,000,000 dollars, the plaintiffs ordered and directed, as by the said charter was authorized, a further issue of additional stock to the amount of 1,500,000 dollars, and that of said additional stock only 500,000 dollars has been issued, and that the issue of the further sum of 1,000,000 dollars is authorized, and that the issue of said additional stock was necessary and authorized by said charter."

A demurrer was sustained to the third paragraph of the answer, to which exception was taken.

Trial by jury; verdict and judgment for the plaintiffs, a motion for a new trial being overruled.

Three points are relied upon to reverse the judgment—

1. The overruling of the demurrer.

2. Erroneous instruction to the jury.

3. The refusal of the Court to grant a new trial.

We are of opinion that the demurrer was properly sustained to the third paragraph of the answer. It was evidently the province of the president and directors of the company to judge of the necessity of issuing the additional stock; and although they may have judged incorrectly as to the necessity of issuing this stock, their act, in so doing, is not necessarily fraudulent. Fraud is charged in the paragraph in general terms, but that is insufficient. The particular acts and circumstances of fraud should have been set out. *Webster* v. *Parker*, 7 Ind. R. 185.— *Keller* v. *Johnson*, 11 *id.* 337. It is unnecessary to inquire whether the paragraph is otherwise sufficient.

Objection was made to the admissibility, and to the sufficiency of certain evidence offered and received in support of the allegations concerning the calls and notice. As these allegations were not denied by the answer, they must be taken as true, and therefore it is immaterial whether the evidence was admissible, or whether it would have been sufficient had the allegations been denied.

Nov. Term,
1859.

McCord
v.
The Ohio
and Missis-
sippi Rail-
road Co.

On the trial, there was no evidence offered that the president and directors of the company had increased their capital stock beyond the 5,000,000 dollars provided for in the charter, as was alleged in the replication to the second paragraph of the answer.

The Court gave the jury the following charge, to which the defendant excepted, viz.:

"It is immaterial for the jury to inquire as to whether the capital stock of the company was increased or not."

It is claimed by the counsel for the appellees that the issue formed upon the second paragraph of the answer, was wholly immaterial, and, therefore, that the charge was correct. We do not, however, coincide in this view of the pleading. If, as alleged in the answer, the company had already issued stock to the full amount of 5,000,000 dollars, provided for in the charter, they had none left to vest in the defendant upon his payment of the subscription, unless the amount of the stock had been increased by the president and directors of the company. Without such increase, certificates of stock issued by the officers of the company would be unauthorized and void. Pierce on Railroad Law, 130, *et seq.* Now, we take it to be clear, that, although the tender of a certificate of stock to a subscriber is not necessary before suit on the subscription, yet no recovery can be had unless the company is in a condition that the subscriber for stock, upon the payment of his subscription, may receive his stock and become entitled to the rights of a stockholder. How can that be the case, where the entire amount of the stock authorized by the charter has been taken and issued to other subscribers? Suppose, in the present case, the charter of the company had absolutely limited the stock to the amount of 5,000,000 dollars, instead of permitting the president and directors to increase it. It would probably not be contended that after the whole amount had been taken and issued, a person having subscribed, but not having paid or received any stock, could be compelled to pay his subscription. He could not be compelled to pay unless the company could furnish him with that for which he subscribed, which, in

Nov. Term,
1859.

the case supposed, they could not do, for the reason that the entire authorized capital stock has been taken and issued to more prompt subscribers. If the company has not increased their stock, through the action of their president and directors, they stand, so far as the appellant is concerned, as if their stock were absolutely limited to the 5,000,000 dollars already issued. The appellant should not be compelled to pay his subscription, trusting to the president and directors of the company to increase the stock that he may have the benefit of it. The president and directors might not see proper to make the increase, and indeed such increase might not be deemed necessary for carrying out the purposes of the charter. The whole amount of the capital stock provided for by the charter, having been taken up and issued, we think an increase of the stock as provided for in the charter, a condition precedent to the right of collecting further subscriptions. If the capital stock has been increased, as alleged in the replication, it devolved upon the company to make proof of the fact.

The issue, in our opinion, was not immaterial, and the charge of the Court was wrong.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. M'Donald* and *A. G. Porter*, for the appellant.

*S. Judah*, for the appellees.