## Scott *v.* Wallick.

RESCISSION.—A sold to B a shop for $250, receiving $100 of the price in hand, the residue to be paid on a certain day. B failed to pay the balance of the price, and A sold the shop to another person. Suit by B to recover the $100 paid.

*Held,* that the second sale by A was a rescission of the sale to B, and having rescinded, A could retain no benefit derived from the contract, and was liable to refund the money paid by B.

*Held,* also, that if A suffered any damage by B's failure to complete his contract, he might have set up such loss as a counter-claim to the action.

APPEAL from the *Wayne* Circuit Court.

RAY, J.—Suit by *Wallick* against *Scott,* to recover $100 paid upon the following contract:

"*Cambridge City, August* 1, 1864.

This is to certify that I have this day sold to *Benjamin Wallick* a meat shop that I have formerly occupied, situated in *Cambridge City,* for the sum of two hundred and fifty dollars, and have this day received one hundred dollars, and further agree to give possession of said shop six weeks from date, on receipt of the remaining one hundred and fifty dollars.

In case I fail to comply with the above, I do agree to refund the one hundred dollars paid.

JAMES A. SCOTT."

The complaint avers that after the expiration of the time stipulated for giving possession of said shop, the said *Scott* resold the same, and gave possession thereof to the purchaser.

A demurrer was filed, and an exception was taken to the action of the court in overruling it. Upon the failure of *Wallick* to pay the $150, the appellant made another sale of the shop, and delivered possession of the same. This action on his part amounted to a rescission of the contract, and was so treated by the appellee, who thereupon demanded the return of the purchase money already paid, and, upon the refusal by appellant to pay the same, brought this action. A party can not, in a case like this, rescind the contract, and yet retain any benefit from the same. By the sale and transfer of the shop, the appellant placed it out of his power to comply with his agreement, and authorized the appellee to treat the contract as rescinded, and rendered himself liable for the repayment of the $100. The demurrer was correctly overruled.

The appellant answered, denying that he had rescinded the contract, but averring that, at the date fixed by the contract, and for a long time afterward, and until the 15th day of *November*, he was ready and willing to deliver possession of said shop, but was unable to find the appellee; and by reason of the default of said *Wallick*, he sold the said shop for the sum of $75, but denies that the same was in disaffirmance of the agreement. To this answer a demurrer was sustained. The action upon this demurrer was right. The attempt by the appellant, to treat the property as a pledge in his hands to secure the performance of the contract by the appellee, cannot be sustained. If it were possible to regard the contract as of that nature, still a pledge cannot be sold, except after a personal demand upon the party liable for the performance of the contract, and after public notice, for a reasonable time, of the date and place of sale, unless authorized by judicial proceeding. *Indiana & Illinois Central Railway Co.* v. *McKernan, ante,* p. 62. If the appellant suffered any damage by reason of the failure of the appellee to comply with the contract, and pay the remainder of the purchase money when due, he might have set up such damages by answer, as a counter–claim to the

action to recover the money paid; or he might have brought his suit to enforce the contract, at any time before he placed it out of his power to comply with its terms. But after such action as prevented his complying with his contract, he can neither sustain an action, or defense, resting upon the affirmance of the contract.

In *McCord* v. *The Ohio & Mississippi Railroad Co.*, 13 Ind. 220, in an action by the company to enforce a subscription of stock, it was held a good defense, that after default in the payment of the subscription, the company had issued stock to other parties to the full amount authorized by her charter, and thus placed it out of her power to comply with her contract. The same principle would prevent the appellant sustaining any defense based upon the enforcement of the contract.

The judgment is affirmed, with five per cent. damages and costs.

*G. A. Johnson* and *L. Develin*, for appellant.

*W. S. Ballinger*, for appellee.