(No. 11382.—Reversed and remanded.)

THE LOCKWOOD & STRICKLAND COMPANY, Appellant, vs.
THE CITY OF CHICAGO, Appellee.

*Opinion filed June 21, 1917—Rehearing denied October 4, 1917.*

1. MUNICIPAL CORPORATIONS—*city cannot convey the fee in a vacated street or alley.* Whether a city owns the fee in an alley or merely an easement, when it is vacated because no longer needed for public use the law disposes of the reversionary interest either to the dedicator or to the owner of the adjoining land, dependent upon whether the city received the use of the alley by common law or statutory dedication, and the reversionary rights cannot be granted or conveyed by the city.

2. SAME—*city is liable for damages caused by vacating a street or alley.* If the vacation of a street or alley causes damages to private property the municipality is liable for the same, and if damages are not determined before the vacation of the street or alley the property owner may bring an action at any time within the Statute of Limitations.

3. SAME—*when city may demand indemnity for damages for vacating street or alley.* A city may demand and receive indemnity against damages before it vacates a street or alley where the damages are not ascertained in the manner required by law before the vacation, but it is the duty of the city to return the indemnity after the running of the period of limitation and there is no longer any possibility of damages, and a promise to do so will be implied.

4. SAME—*a city cannot sell legislation as a means of obtaining revenue.* The legislative powers of a city must be exercised for the public benefit, but that does not authorize a municipality to sell or bargain legislation as a means of obtaining revenue, and the question whether an alley is no longer needed for public use or whether the public interest will be subserved by its vacation can not be made to depend on how much the city can get for vacating it.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM F. COOPER, Judge, presiding.

WINTERS, PRICE & STEVENS, GEORGE W. UNDERWOOD, and JULIAN CLAY RISK, (GEORGE M. STEVENS, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (DONALD P. VAIL, and CHESTER E. CLEVELAND, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the Lockwood & Strickland Company, a corporation, filed its declaration in assumpsit in the superior court of Cook county against the city of Chicago to recover $2694 paid by appellant to appellee under the terms of an ordinance of said city passed June 27, 1910. The ordinance was set out in the declaration. A demurrer to the declaration was sustained, and appellant electing to stand by its declaration, judgment for costs was entered against it. On appeal to the Appellate Court for the First District the judgment was affirmed, and the case has been brought to this court for review by appeal, a certificate of importance having been granted by the Appellate Court.

The ordinance was in three sections, and such parts thereof as are necessary to an understanding of this case are as follows: Section 1 provided that a certain alley described be "vacated and closed, inasmuch as said portion of said alley is no longer needed by the general public for use as an alley and the public interest will be subserved by the vacation thereof." Section 2 provided: "The vacation herein provided for is made upon the express condition that Lockwood & Strickland Company, a corporation, shall within sixty (60) days after the passage of this ordinance pay to the city of Chicago the sum of twenty-six hundred ninety-four ($2694) dollars toward a fund for the payment of any and all damages which may arise from the vacation of said alley." Section 3 is as follows: "This ordinance shall take effect and be in force from and after its passage: *Provided, however,* that the said Lockwood & Strickland Company shall within sixty (60) days of the date of the passage thereof file for record in the office of

the recorder of deeds of Cook county, Illinois, a certified copy of this ordinance."

The declaration alleges appellant complied with the provisions of the ordinance by paying said sum of $2694 to appellee and by having a copy of said ordinance recorded within the time specified therein. The declaration further alleges such payment to the city was made in the nature of a deposit to indemnify the appellee city against any damages which might be recovered against it by private persons for damages resulting to property by reason of the vacation of said alley; that no damages had been paid by said city by reason of said vacation and no suits had been brought against appellee by reason of said vacation within five years from the date when the ordinance became effective, and that by reason of said facts the appellee city was liable to refund to appellant the amount of money so deposited with it, which upon demand it has refused to do.

The question here involved is the construction to be given the ordinance in question. The validity of the ordinance is not attacked. It was the view of the trial and Appellate Courts, and it is the contention of appellee, that such ordinance was not a contract between the city and appellant whereby appellant deposited the money to indemnify the city against damages which the closing of said alley might cause private property: Appellee insists that by the terms of the ordinance the city agreed to, and did, vacate the alley in favor of the appellant for the consideration of $2694 and that appellant is not entitled to recover same.

A city may, in the lawful exercise of its discretion, vacate a street or alley, in which instance the fee in the same will revert either to the dedicator or to the owner of the adjoining land, dependent upon whether the city received the use of the alley or street by common law or statutory dedication. The ordinance does not purport to convey any interest to appellant, and it would be beyond the power of the city to grant or convey to a private person or corpo-

ration the ground embraced in a vacated street or alley. Whether a city owns the fee in an alley or merely an easement, when it is vacated because no longer needed for public use the law disposes of the reversionary interest and the reversionary rights cannot be granted or conveyed by the city. (*Hill* v. *Kimball,* 269. Ill. 398; *City of Jacksonville* v. *Jacksonville Railway Co.* 67 id. 540; *Gebhardt* v. *Reeves,* 75 id. 301.) That appellee had the power to vacate the alley and that the power was lawfully exercised is not disputed. That the alley was no longer needed as a public alley is not controverted. If the vacation of a street or alley causes damages to private property the municipality is liable for the same. (Hurd's Stat. 1916, chap. 145, sec. 1.) If damages are not determined before the vacation of the street or alley, the property owner may, at any time within the Statute of Limitations, sue for and recover the same. (*Parker* v. *Catholic Bishop of Chicago,* 146 Ill. 158.) The city, where the damages are not ascertained in the manner required by law before the vacation, may demand and receive indemnity against damages before it vacates a street or alley. (*Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago,* 134 Ill. 323; *Chicago, Milwaukee and St. Paul Railway Co.* v. *City of Chicago,* 183 id. 341.) To give the ordinance the construction contended for by appellee and hold that it was a grant or conveyance by the city to the appellant of the vacated alley and that the payment made was the consideration for that grant, would require holding that the ordinance did not mean what its language imported, which was lawful, but that it meant something entirely different, which was unlawful. The reasons for vacating the alley as expressed in the ordinance were, that it was no longer needed by the general public for use as an alley and that the public interest would be subserved by its vacation. Appellant was required to pay, within sixty days, $2694 "toward a fund for the payment of any and all damages which may arise

from the vacation of said alley." We are not impressed by the argument that the public interest was served by the receipt in the city treasury of the sum of $2694 for its action in vacating the alley. Whether the alley was no longer needed for public use and whether the public interest would be subserved by its vacation could not be made to depend on how much the city could get for its action. The legislative powers of a city must be exercised for the public benefit, but that does not authorize a municipality to sell or bargain legislation as a means of obtaining revenue. It would be a novel proposition to hold that a city, as a condition precedent to the exercise of its lawful power and authority to vacate a street or alley no longer needed for public use, could demand and receive from private parties a sum of money for its action. Such a holding would be dangerous in principle, contrary to good morals and against public policy.

The time (five years) during which one sustaining damages from the closing of an alley can maintain an action against a city for such damages having expired, the city has no longer any fear of such a proceeding and is no longer liable. It follows there is no longer any need for the indemnity deposited with the city by appellant. This being so, it becomes the duty of the city to return the same to appellant,—and this in the absence of any express promise to do so. Such promise will be implied.

For the reasons given, the judgments of the Appellate Court and superior court are reversed and the cause remanded to the superior court of Cook county, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*