(No. 13303.—Judgment affirmed.)

THE JOHN M. SMYTH COMPANY, Appellee, *vs.* THE CITY
OF CHICAGO, Appellant.

*Opinion filed June 16, 1920—Rehearing denied October 8, 1920.*

MUNICIPAL CORPORATIONS—*when a city is bound to re-pay fund
deposited to meet damages from vacation of streets and alleys—es-
toppel.* Where a property owner is required to deposit in the city
treasury a certain sum of money to meet all claims for damages
arising from the vacation of portions of certain streets and alleys
the city has no right to retain the fund after the Statute of Limi-
tations has run against all such claims for damages, and in an ac-
tion of assumpsit by the property owner to recover the money the
city is estopped to urge the illegality of the· ordinance for the
vacation. (*Lockwood & Strickland Co.* v. *City of Chicago,* 279
Ill. 445, followed.)

APPEAL from the Superior Court of Cook county; the
Hon. THEODORE BRENTANO, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (FRANK
S. RIGHEIMER, HENRY T. CHACE, JR., and GILBERT G. OG-
DEN, of counsel,) for appellant.

DRUCKER & BOUTELL, ERNEST R. REICHMANN, (WIL-
LIAM S. CORBIN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court: ·

The appellee on March 1, 1919, instituted a suit in as-
sumpsit to recover the sum of $9201.54 paid to the appel-
lant under the terms of an ordinance passed by the city
council of Chicago July 15, 1912. The ordinance pro-
vided for· the vacation of certain parts of Cortland street
and O'Brien avenue· and the alleys connected therewith.
Section 2 of the ordinance further provided that the ap-
pellee should within sixty days pay to the appellant the
sum of $9201.54 "toward a fund· for the payment and .sat-
isfaction of any and all claims for damages which may

arise from the vacation of said streets and alleys, and further shall, within sixty days after the passage of this ordinance, deposit in the city treasury of the city of Chicago a sum sufficient to defray all costs and expenses of constructing a sidewalk and curb across entrances to the streets and alleys herein vacated," etc. The defendant filed eight pleas to the declaration. The first was a plea of the general issue. The second, fifth, sixth, seventh and eighth were as to the operation of the Statute of Limitations, while the third and fourth pleas averred that the ordinance in question is illegal in that it was passed solely for the benefit of the appellee, plaintiff below, and that the money was paid by plaintiff with knowledge that the ordinance was invalid, and that therefore it is not entitled to have return of the amount paid. The plaintiff replied with a *similiter* to the first plea and demurred to the third and fourth pleas. The demurrers to these pleas were sustained, as was a demurrer to an additional plea filed under leave of court, containing, in substance, the same charge, whereupon defendant abided by said additional plea. A trial was had before a jury and judgment was rendered for the appellee in the sum of $9201.54, and appellant has brought the case here on appeal.

This case is very similar to the case of *Lockwood & Strickland Co.* v. *City of Chicago,* 279 Ill. 445. The record shows that the ordinance in question was passed on July 15, 1912, and under the rule laid down in the *Lockwood case* the Statute of Limitations had run in July, 1917, against claims for damages against the city for the vacating of said streets and alleys, and the statute thereupon began to run against the appellee. Its suit having been filed in 1919, however, was instituted before the Statute of Limitations had run, and, in fact, the appellant does not contend otherwise here. The holding in the *Lockwood case* is controlling unless the superior court erred in sustaining the demurrers to the pleas of appellant charging that the ordi-

nance for vacation was illegal and therefore plaintiff had no right to recover the money paid by it.

We are of the opinion that the trial court did not err in sustaining the demurrers to the third, fourth and additional pleas. There is no doubt that appellant has power to vacate streets and alleys, and it cannot be heard in this case to say that it has exercised that power in an unauthorized or illegal manner. The money was deposited by the appellee in accordance with the ordinance passed by the city, which provided that it should become a "fund for the payment and satisfaction of any and all claims for damages which may arise from the vacation of said streets and alleys." The appellant, therefore, had the benefit of whatever assurance was to be obtained from the depositing of said fund. Had suits or claims been filed for damages by reason of the vacating of said streets and alleys, appellant had the funds deposited by appellee for the purpose of meeting such suits or claims, and since such claims can no longer be filed against it the city has no right to retain this fund.

In *City of East St. Louis* v. *East St. Louis Gas Light and Coke Co.* 98 Ill. 415, the city by ordinance made a contract with the gas company for the exclusive right to provide gas within that city and for the sale of gas to the city at a certain stipulated price. Upon suit to recover for gas used by the city under the contract the city raised the objection that the ordinance fixing the price and granting the gas company the exclusive right for thirty years was void. This court held that, regardless of whether or not the ordinance was void so far as the question of future performance under it was concerned, as the city had received and enjoyed the benefit of the contract it was not allowed to set up a void ordinance as a defense to the claim for payment for the gas consumed, citing 2 Parsons on Contracts, 790, where it is said: "A general rule has been asserted which certainly rests upon reason and justice. It is, that where a party has accepted and made his own

the benefit of a contract he has estopped himself from deny- ing in the courts the validity of the instrument by which those benefits came to him." The appellant having received the money of the appellee for the purpose of the protection of the city against claims arising from vacating the streets and alleys in question, it is bound under an implied prom- ise to return the same. *Lockwood & Strickland Co.* v. *City of Chicago, supra; Mowatt* v. *City of Chicago,* 292 Ill. 578.

Without passing on the validity of the ordinance vacat- ing the streets and alleys in question, we are of the opin- ion that the appellant is estopped in this proceeding to urge the illegality of that ordinance as a defense against the re- payment of the money paid by appellee. The superior court therefore did not err in sustaining the demurrers to appel- lant's third, fourth and additional pleas.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*