(No. 13847.—Reversed and remanded.)

THE ALLIS-CHALMERS MANUFACTURING COMPANY, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 21, 1921.*

1. MUNICIPAL CORPORATIONS—*when a declaration against city does not state cause of action.* Where an ordinance vacating a street requires the payment of a sum of money to the city by "The Allis-Chalmers Company" and two other corporations to cover claims for damages, a declaration averring that there were no claims, and alleging that said sum was paid by the plaintiff, the "Allis-Chalmers Manufacturing Company," does not state a liability of the city to re-pay the sum to the plaintiff until it is amended to show payment by the Allis-Chalmers Company and the assignment of its claim to the plaintiff.

2. SAME—*when Statute of Limitations begins to run against recovery of a sum advanced for damages from vacation of street.* Where an ordinance requires payment to the city of a sum of money to cover claims for damages arising from the vacation of a street, the Statute of Limitations will begin to run against the right to recover the sum advanced, upon the expiration of the period allowed for the presentation of claims for damages. (*Smyth Co.* v. *City of Chicago,* 294 Ill. 136, followed.)

3. LIMITATIONS—*statute continues to run until cause of action is stated—amendment.* Where a cause of action is stated for the first time in an amended count of a declaration the suit is regarded as having been commenced as to such cause of action at the time of filing the amended count, and if the Statute of Limitations has then run it will be a bar to the new cause of action stated in the amended count.

4. PLEADING—*assignee of non-negotiable chose in action must allege facts required by section 18 of Practice act.* A declaration in a suit by an assignee of a non-negotiable chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18 of the Practice act of 1907, showing the assignment of the chose in action, the actual ownership thereof by the plaintiff and setting forth how and when he acquired title.

5. SAME—*when declaration does not state cause of action.* A declaration which fails to allege a fact which is necessary to the existence of the plaintiff's right to recover does not state a cause of action.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (HENRY T. CHACE, JR., and GILBERT G. OGDEN, of counsel,) for appellant.

DRUCKER & BOUTELL, and ERNEST R. REICHMANN, (WILLIAM S. CORBIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Allis-Chalmers Manufacturing Company on October 9, 1918, began an action of assumpsit in the superior court of Cook county against the city of Chicago to recover the sum of $4000 which it alleged it had paid to the city on December 10, 1908, under the terms of an ordinance for the vacation of a part of Fillmore street, in the city. The ordinance was set out in full in the declaration, and provided that the vacation was made upon the express condition that the Allis-Chalmers Company, a corporation, the Heywood Bros. & Wakefield Company, a corporation, and the Chicago Terminal Transfer Company or its receiver, or any one or more of said companies, should within thirty days of the passage of the ordinance pay to the city of Chicago the sum of $4000 toward a fund for the payment and satisfaction of any and all claims for damages which might arise from the vacation of the street. The declaration alleged that the ordinance was expressly conditioned that the plaintiff pay to the city of Chicago, within thirty days of the passage of the ordinance, the sum of $4000 toward a fund for the payment and satisfaction of any claim or claims for damages that might arise from the vacation of said street and perform other conditions, all of which conditions were complied with, and that the plaintiff paid to the city $4000 within thirty days of the passage of the ordinance; that no damages of any kind had arisen,

been claimed or paid by the city, no judgment had been rendered against it by reason of said vacation and no suit had been brought against it on account of any damages claimed by reason of the vacation within five years from the date the ordinance became a law, and by reason thereof the defendant became liable to re-pay to the plaintiff the sum of $4000.

Pleas were filed, to some of which demurrers were sustained, and on December 2, 1919, an amended declaration was filed, which alleged that by the terms of section 2 of the ordinance it was expressly conditioned that the plaintiff, the Heywood Bros. & Wakefield Company and the Chicago Terminal Transfer Company or its receiver, or any one or more of them, should pay to the city, within thirty days of the passage of the ordinance, the sum of $4000 toward a fund for the payment and satisfaction of any claim or claims for damages that might arise from the vacation of said street, and that the plaintiff and the other corporations named, on December 10, 1908, paid to the city the sum of $4000. The amended declaration further averred that the plaintiff is now the actual *bona fide* owner of all right, title and interest of the Allis-Chalmers Company, a corporation, in the sum of $2000 deposited by the Allis-Chalmers Company with the city of Chicago as part of the sum of $4000, in accordance with the terr's of section 2 of the ordinance, toward a fund for the pa - ment and satisfaction of any and all claims for damages which might arise from the vacation of said street, and is the actual, *bona fide* owner of its right of action to recover the same, arising at the expiration of the period of five years from the time when the same was deposited with the city of Chicago; that said fund, sum of money and right of action for the recovery thereof were on or about the 7th day of March, 1913, sold, transferred, set over and assigned to the plaintiff for a good and valuable consideration paid by it, at a sale of all the assets, rights, credits

and effects and choses in action of the Allis-Chalmers Company by the receiver of said company under a decree of the district court of the United States for the eastern district of Wisconsin. The amended declaration contained the same allegations as the original declaration, that no damages had been claimed or any judgment recovered or suit brought on account of any damages claimed within five years from the date of the ordinance, whereby the defendant became liable to re-pay to the plaintiff the sum of $2000, being the portion of the sum of $4000 which was paid by the plaintiff. This amended declaration was subsequently, by leave of the court, amended on its face so that instead of the averment that by the terms of section 2 of the ordinance it was conditioned that the plaintiff, the Heywood Bros. & Wakefield Company and the Chicago Terminal Transfer Company or its receiver should pay the sum of $4000 within thirty days, it alleged that it was conditioned that the Allis-Chalmers Company, the Heywood Bros. & Wakefield Company and the Chicago Terminal Transfer Company or its receiver should make the payment, and that the Allis-Chalmers Company and the Heywood Bros. & Wakefield Company made the payment on December 10, 1908, of $4000 to the city, of which the Allis-Chalmers Company paid $2000.

Pleas were filed, issues were joined, and on the trial the court instructed the jury to find a verdict for the plaintiff for the sum of $2000, and judgment was rendered for that amount against the defendant, which thereupon appealed to this court, the judge having certified that the validity of a municipal ordinance was involved, and that in his opinion the public interests required the appeal to be taken to the Supreme Court.

The original declaration stated no cause of action. It set forth the ordinance, which showed the condition of its passage to be the payment by the Allis-Chalmers Company, the Heywood Bros. & Wakefield Company and the Chi-

cago Terminal Transfer Company or its receiver of $4000
toward a fund for the payment of damages.   It then made
the contradictory allegation that the condition was the pay-
ment of $4000 by the plaintiff.   There could be no liabil-
ity of the city to the plaintiff for a payment made by the
latter under the terms of the ordinance requiring payment
by three different corporations, of which plaintiff was not
one.   The amended declaration was equally defective, for
its allegations were equally contradictory in setting out the
ordinance, in which plaintiff was not mentioned and three
other corporations were, and then alleging, in opposition to
the ordinance, that the condition was that the plaintiff and
two of the other corporations should make the payment and
that the plaintiff and one of those corporations did so.   The
amendment to the amended declaration for the first time
stated that the payment was made by two of the corpora-
tions named in the ordinance, the liability of the city to
re-pay to the Allis-Chalmers Company, which was named in
the ordinance and actually paid $2000 of the money, and
the assignment of the claim of the Allis-Chalmers Company
to the Allis-Chalmers Manufacturing Company.   To this
amended declaration the city, among other pleas, filed a plea
averring that the cause of action did not accrue within five
years next before the commencement of the suit.

In *Smyth Co.* v. *City of Chicago,* 294 Ill. 136, it was
held in a suit to recover money paid by the city under the
terms of an ordinance like the one in question, that the
plaintiff was entitled to recover the money paid after the
expiration of five years from the date when the ordinance
went into effect where there were no claims for damages
against the city on account of the vacation of a street, and
that the Statute of Limitations began to run in favor of
the city from the expiration of the five-year period.   The
ordinance was passed on November 16, 1908, and was to
go into effect upon the payment of the money and compli-
ance with its other conditions within thirty days, so that

the five-year limitation for bringing suits against the city expired in 1913. The statute then began to run against the recovery of the money paid from the city, and the time limited to sue for such recovery expired in 1918. The suit was begun originally within that time, but the declaration stated no cause of action, and no cause of action was stated until the making of the amendment to the amended declaration on February 21, 1920. The rule is well established that when a cause of action is stated for the first time in an amended count of a declaration the suit is regarded as having been commenced as to such cause of action at the time of filing the amended count, and if the Statute of Limitations has then run it will be a bar to the new cause of action stated in the amended count. (*Bahr* v. *National Safe Deposit Co.* 234 Ill. 101; *Devaney* v. *Otis Elevator Co.* 251 id. 28.) In the original count the name of the Allis-Chalmers Company does not appear except in the ordinance, which is set out in the declaration. The supposed cause of action is not based on the payment of any money by the Allis-Chalmers Company, no allegation of any such payment is made, no liability of the city to the Allis-Chalmers Company is alleged, but the cause of action attempted to be stated is based upon a payment by the plaintiff, the Allis-Chalmers Manufacturing Company. Under the declaration on which the case was tried the cause of action is based upon the payment by the Allis-Chalmers Company and the assignment of that cause of action to the Allis-Chalmers Manufacturing Company.

Before the passage of section 18 of the Practice act of 1907 no cause of action existed in favor of the assignee of a chose in action. The declaration under which the case was tried states no cause of action against the city except by virtue of the provision of that section. In part it is as follows: . "The assignee and equitable and *bona fide* owner of any chose in action not negotiable heretofore or hereafter assigned, may sue thereon in his own name, and

he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual *bona fide* owner thereof, and set forth how and when he acquired title." The allegations in regard to any assignment by the Allis-Chalmers Company to the plaintiff do not appear in the original declaration, and no attempt to comply with this section of the Practice act was made until the filing of the amended declaration on December 2, 1919, six years after the expiration of the period of limitation for bringing suits against the city for damages by reason of the vacation of the street. A declaration in a suit by an assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18, showing the assignment of the chose in action, the actual ownership thereof by him and setting forth how and when he acquired title. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. (*Walters* v. *City of Ottawa*, 240 Ill. 259; *Prouty* v. *City of Chicago*, 250 id. 222.) The plea of the Statute of Limitations therefore presented a complete bar to the plaintiff's action. The amendment to the declaration was not a substitution of a proper party plaintiff for one in whose name the action had been improperly begun, but was the statement of a different cause of action in favor of the plaintiff by whom the suit was originally begun, based upon a different and contradictory state of facts.

The appellee insists that the same plea was pleaded to the original declaration and the amended declaration, and it alleges that the cause of action did not accrue within five years next before the commencement of the suit; that there was no thought of filing the plea to the amended declaration as such or with relation to the time the amended declaration was filed, and if there was, the plea did not raise such an issue. What counsel may have thought in regard to the plea can only be determined by what appears in the

record, and the record shows that the plea was filed on March 4, 1920, to the amended declaration as amended on its face February 21, 1920. As amended the amended declaration stated a new cause of action, upon which, in accordance with the rule stated in the cases cited, the suit is regarded as having been commenced at the time when the amended declaration was filed. The record therefore shows a suit begun on February 21, 1920, and a plea alleging that the cause of action did not accrue within five years preceding that date.

The court erred in directing a verdict for the plaintiff. On this record the judgment should have been for the defendant. The judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*