MAX SCHOCHET, Respondent, *v.* THE PUBLIC NATIONAL BANK OF NEW YORK, Appellant.

First Department, April 8, 1927.

**Limitation of actions — action for money had and received based on bank's breach of contract with plaintiff's assignor to pay money to designee in Russia within reasonable time — Statute of Limitations begins to run from date of breach which occurred on lapse of reasonable time for performance.**

The defendant bank, in consideration of a payment by plaintiff's assignor, agreed to cause to be paid within a reasonable time to a designee in Russia, a certain number of rubles. In an action for money had and received, based on the defendant's breach of the contract, the Statute of Limitations began to run on the date of the breach which occurred on the lapse of a reasonable time for performance after the making of the contract, and not from the time of the original payment.

APPEAL by the defendant, The Public National Bank of New York, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 8th day of June, 1926, affirming a judgment and an amended judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the plaintiff.

*Sam L. Cohen* of counsel [*Moses & Singer*, attorneys], for the appellant.

*Mark E. Cymrot*, for the respondent.

Proskauer, J.  Plaintiff alleges that in August, 1917, his assignor made a contract with the defendant, by which, in consideration of the payment of $440, the defendant agreed to cause to be paid, within a reasonable time, to a designee at Petrograd, Russia, 2,000 rubles and that on defendant's breach the assignor rescinded. The plaintiff seeks to recover the $440 thus paid.  A judgment in favor of the plaintiff has been affirmed by the Appellate Term (127 Misc. 447).

The evidence justifies the finding that the contract was to pay within a reasonable time and also the alternative contention of the plaintiff that even if the original contract were to pay the money within a fixed time of three months, the subsequent negotiations of the parties modified the obligation of the bank to one to pay within a reasonable time.

The chief defense is the Statute of Limitations.  The so-called rescission occurred in 1921 and this action was begun in 1925. Appellant contends that if the original agreement be construed as one to pay within three months, the subsequent negotiations are ineffective to change the date of the running of the statute under the decision in *Wakulaw* v. *State Bank* (214 App. Div. 673).  The conclusions reached in that case must be confined in their application to its facts.  In the opinion in that case there is no discussion of the effect of an agreement extending the time of performance; the holding was merely that an oral agreement to waive the Statute of Limitations was ineffective.  In the instant case the claimed subsequent agreement was not to waive the Statute of Limitations, but to extend the time of performance.  We do not follow the construction placed upon that opinion by the appellant that it bars the right of parties to a simple contract orally to modify the agreement as to time of performance.

The more serious contention urged by the appellant is that in an action for money had and received upon rescission the Statute of Limitations begins to run from the time of the original payment, that the accrual of the cause of action relates back to this time, and that, therefore, the suit must be begun within six years therefrom.  A cause of action based upon technical rescission of a contract as for fraud or mistake may so accrue.  (*American Woolen Co.* v. *Samuelsohn*, 226 N. Y. 61.)  In that case the agreement was voidable from its inception because of fraud.  In the instant case the contract was concededly valid and is, therefore, not technically rescinded.  The plaintiff declares upon the validity of the contract and its breach as the basis for his claimed restitution.  As is stated by Bijur, J., in *Bank of United States* v. *National City Bank* (123 Misc. 801; affd., without opinion, 214 App. Div. 716), referring to

a cause of action similar to the one here under consideration: "It arises because defendant, having received full payment from plaintiff for defendant's stipulation to perform a certain act, has wholly failed to perform it. It is said, without due regard to the full significance of the word, that plaintiff may either sue for damages for breach of contract or 'rescind' the agreement and recover back the consideration paid. The use of the word 'rescission' in such a case, however, has been severely criticised and has undoubtedly led to serious misunderstanding."

The same distinction is recognized in a somewhat different aspect in *Richard* v. *Credit Suisse* (242 N. Y. 346), where (at p. 351) CARDOZO, J., writes: "There is a distinction between rescission for fraud, which goes upon the theory that a contract is to be treated as non-existent for lack of true assent, and rescission for abandonment, which goes upon the theory that a contract is avoided for non-performance though valid in its origin. In the one situation, notice of rescission must follow promptly upon discovery of the fraud.   *   *   *   In the other situation, which in the view of learned authors is not properly to be characterized as an instance of rescission at all   *   *   *,   notice may be given at any time within the period of the Statute of Limitations unless delay would be inequitable."

The principle is thus stated in Woodward on Quasi-Contracts (§ 270): "The use of the word 'rescission' in this connection is unfortunately confusing.   *   *   *   What the term really means, when used with reference to the right to restitution, is that, upon the repudiation or substantial breach of a contract, the injured party may elect to disregard his contract   *   *   *   and demand restitution in value for what he has done."

Essentially the Statute of Limitations never begins to run prior to the accrual of the cause of action. Where, by the nature of the case, the duty to pay over arises at once upon the initial payment, the cause of action accrues at once and the Statute of Limitations may begin to run at once. (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61; *Lammer* v. *Stoddard,* 103 id. 672.) But where there is no such immediate duty to repay, the cause of action does not accrue until the duty to repay arises (*Simmons* v. *Simmons,* 91 W. Va. 32; 112 S. E. 189; *Smyth Co.* v. *City of Chicago,* 294 Ill. 136; 128 N. E. 351; *City of San Antonio* v. *Walker,* [Tex. Civ. App.] 56 S. W. 952); and where money is paid over under a contract which the defendant totally fails to perform, the duty to return cannot arise until breach or repudiation. (*Thiele* v. *Carey,* 85 Neb. 454; 123 N. W. 442; *Look* v. *Bailey,* [Tex. Civ. App.] 164 S. W. 407, 409; Woodward Quasi-Contracts, § 267, p. 430.) Here the Statute of

Limitations began to run on the date of breach, which occurred on the lapse of a reasonable time for performance after the making of the contract. The trial court properly decided that six years had not passed since the date of a reasonable time for performance.

The determination should be affirmed, with costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Determination affirmed, with costs and disbursements.