Lincoln State Bank of Chicago, Defendant in Error,
v. City of Chicago, Plaintiff in Error.

Gen. No. 35,029.

Opinion filed December 2, 1931.

SAMUEL A. ETTELSON, Corporation Counsel, for plaintiff in error; CARL J. APPELL and SAMUEL L. GOLAN, Assistant Corporation Counsel, of counsel.

No appearance for defendant in error.

MR. JUSTICE WILSON delivered the opinion of the court.

Lincoln State Bank of Chicago, a corporation, filed its action against the City of Chicago, a municipal corporation, in trespass on the case on premises. By this action the plaintiff sought to recover the sum of $6,325, paid to the defendant for and in consideration of the vacation of a certain alley under and by virtue of a certain ordinance passed by the city council of the City of Chicago, June 18, 1924. Defendant demurred

to the declaration, the demurrer was overruled, and the defendant electing to stand by its demurrer, judgment was entered in favor of the plaintiff. This writ of error was sued out to review this judgment and it is now before this court for consideration. Plaintiff has failed to follow its judgment to this court and we are, therefore, not aided by briefs on its behalf.

The declaration alleges that on June 18, 1924, plaintiff was the owner in fee simple of certain lots located in the City of Chicago; that these lots were part and parcel of a certain subdivision platted about the year 1871; that certain streets and alleys were provided for, dedicated and accepted; that the plat of the subdivision in question was duly recorded and accepted by the City of Chicago; that among other things dedicated to the City of Chicago by reason of said subdivision, was a certain strip of land 11.5 feet wide, commencing at a point on the south line of East 31st street, approximately 66 feet east of South State street, and extending south 115 feet, and thence easterly at right angles a width of 15 feet, approximately 70 feet, to an alley 20 feet wide and extending in a northerly and southerly direction the full length of said block 3 from 31st street on the north to 32nd street on the south; alleges that said alley was dedicated and accepted as such by the City of Chicago; that the City of Chicago determined that the nature and extent of the public use, and the public interest to be subserved, were such as to warrant the vacation of said alley and, thereupon, passed an ordinance providing for its vacation, provided the plaintiff, Lincoln State Bank of Chicago, should pay to the City of Chicago, as compensation for benefits accruing to the plaintiff, the sum of $6,325, and should in addition deposit a sum sufficient to defray all costs of constructing sidewalk and curb across the entrance to the alley declared vacated.

The declaration further alleges that upon the passage of the ordinance in question, plaintiff paid to the

City of Chicago the sum of $6,325, as provided by said ordinance, but charges that the payment was made as a deposit to indemnify the defendant, City of Chicago, against any damages which might be recovered against it by private persons for damages resulting to property by reason of the vacation of said alley; alleges further that nothing has been paid by the defendant as damages by reason of said vacation of said alley within 5 years from the date of said ordinance becoming effective and that, therefore, the said sum of money so deposited should be returned to the plaintiff.

The only question involved is the question as to whether or not the sum of $6,325, paid by the plaintiff to the City of Chicago, should be considered as compensation to the defendant, or as a deposit to protect the city against claims for damages arising by reason of the vacation of the alley. If the money paid was a deposit, then plaintiff claims it should be repaid to plaintiff.

It appears that section 1 of the amendment to the act for the vacation of streets, alleys and highways, passed by the General Assembly, and approved June 30, 1923, Cahill's St. ch. 145, ¶ 1, was in full force and effect at the time the ordinance in question was passed by the city council of the City of Chicago. A similar ordinance was passed upon by the Supreme Court of this State holding that the city council, by ordinance, could require the payment of compensation to the city for the vacation of a street or alley under this amendment.

In the case of *People v. City of Chicago*, 321 Ill. 466, the court in its opinion said:

"While under a former statute, which only gave to a municipality a limited power as to the vacation of streets, it was held in *Lockwood v. City of Chicago*, 279 Ill. 445, and other similar cases, that the municipality only held the title to its streets and alleys in trust, and that it was contrary to public policy to allow the mu-

nicipality to demand and receive from private parties compensation as a condition precedent to the exercise of its power to vacate a street or alley no longer needed for public use, those authorities can have no application to the present case. The public policy of a State is to be found embodied in its constitution, its statutes, and, when these are silent on the subject, in the decisions of its courts. The public policy of the State, when not fixed by the constitution, is not unalterable but varies upon any given question with changing legislation thereon, and any action which, in the absence of legislation thereon, by the decisions of the courts has been held contrary to the public policy of the State, is no longer contrary to such public policy when such action is expressly authorized by legislative enactment. (*Zeigler v. Illinois Trust and Savings Bank,* 245 Ill. 180; *Steen v. Modern Woodmen,* 296 id. 104.) The action of the city council in the present case being expressly authorized by statute, it was not contrary to the public policy of the State.'' To the same effect see *Nielsen v. City of Chicago,* 330 Ill. 301; *American Asphalt Paving Co. v. City of Chicago,* 330 Ill. 330. Under the ruling in these cases, the Supreme Court has expressly held that the payment of money under such an ordinance is compensation to the city and not a deposit as claimed in the declaration. The ordinance in question expressly states that the payment made is compensation and the ordinance is made part of the declaration. The allegation in the declaration that the payment was a deposit is a mere conclusion and not borne out by the ordinance pleaded. It, therefore, follows that the demurrer to the declaration should have been sustained.

For the reasons stated in this opinion the judgment of the circuit court is reversed.

*Judgment reversed.*

HEBEL, P. J., and FRIEND, J., concur.