M’Girk, C. J.,
delivered the opinion of the Court.
This was an action on an endorsed promissory note, by Schlatter, endorsee, agáinst Rector, the endorser. By law, the endorsee may sue the endorser on presentation to the maker, and failure to pay. The Legislature passed an act, declaring, that after the 7th January, 1822, no such action should be brought by the endorsee, till he had first sued the maker.
If this note was endorsed by Rector, and duly presented for acceptance or payment, and protested before the taking effect of the act, so a? to-fix the condition, we *206 are of opinion, that the Legislature could not impose new conditions on the endorsee. To require him to sue the maker first, would be to suspend his right entirely for a time; the act would be retrospective, and would impair the value of the contract most materially.
But it is insisted that there is no suffieientavennent in the plaintiff’s declaration, to show the endorsement was made before the taking effect of the statute.
The declaration alledges the note was made on the 4th of August, 1821, and payable ninety days after date. Then it states, under a videlicit, that afterwards, on the same day, it was endorsed ; and then it alledges that afterwards, when the note became due and payable, according to the tenor and effect thereof, to wit: on the 5th November, 1821, the said note, so endorsed as aforesaid, was presented to the maker for payment, and he refused.
It is admitted that, if it appears by the declaration the note was endorsed before the oth of November, 1821, then the endorsement was in time to save it from the operation of the statute.
It is argued that the time laid under the videlicit might be varied by proof.
The law is, that where time is material, a videlicit will make it neither better nor Worse; but the party will be bound to prove all material allegations, as laid; there, the allegations, that when the note became due it was presented for payment, are material, and no proof of a subsequent or previous presentation would satisfy this averment ; and also the allegation that, when thus presented for payment, it was endorsed by Rector to Schlatter, must have been proved to be true. These allegations are sufficiently explicit to show the endorsement was made before the taking effect of the act.
The judgment of the Circuit Court is affirmed with costs, &c., and one per cent, damages with legal interest on the amount of the judgment of the Circuit Court,