##### FOR THE

#### COUNTY OF GRAND ISLE,

##### JANUARY TERM, 1844.

---

##### PRESENT,

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE, } ASSISTANT JUDGES.
Hon. MILO L. BENNETT, }

---

PETER LADUE *v.* ABRAM LADUE and WILLIAM A. LADUE.

When a *videlicet* is followed by that which is necessary to be alleged, and is material, it is considered as a direct and positive affirmation, or averment, which is traversable, unless contrary to the preceding matter. It is as necessary to prove it, when material, as if it had been averred without a *videlicet.*

Where, in a declaration on a promissory note payable in one year after the decease of A. B., the decease of the said A. B. was alleged under a *videlicet,* the declaration was held sufficient on general demurrer.

ASSUMPSIT on a promissory note for two hundred and eighty five dollars, executed by the defendants, and made payable to the plaintiff "in one year from the decease of John Ladue." The decease of said John Ladue was averred in the declaration in these words :

Ladue *v.* Ladue et al.

" And the plaintiff avers that the said John Ladue died, and was actually deceased, afterwards, to wit, at Alburgh aforesaid, on the 20th day of July, 1839."

The defendant demurred generally.

The county court held that the declaration was insufficient, and rendered judgment for the defendants. Exceptions by plaintiff.

*G. Harrington* for plaintiff.

The only question presented is, whether the death of John Ladue, which is stated in the declaration under a *videlicet*, is alleged with sufficient certainty. This depends upon whether the plaintiff is bound to prove it,—whether it is traversable,—for, if it be so, there is no doubt but that it is sufficiently certain.

In all cases where a fact is stated, or an allegation is made, in a declaration, which in itself is sensible and consistent in the place where it occurs, and which is not repugnant to the preceding matter, it is a good and traversable averment, though laid under a *videlicet ;*—and such is this case. *Rex* v. *Stevens,* 5 East 244. 3 Saund. R. 291, n. Archb. Pl. 127. *Skinner* v. *Andrews,* 1 Saund. R. 169. *Bissex* v. *Bissex,* 3 Burr. 1729. *Knight* v. *Preston,* 2 Wils. 335. *Cutler* v. *Southern,* 1 Saund. R. 117. 1 Chit. Pl. 308, 586. *Grimwood* v. *Barrit,* 6 T. R. 462.

———— ———— for defendants.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The declaration is demurred to as not containing a sufficient allegation of the death of John Ladue, it being laid under a *videlicet.* The allegation is, that the said John Ladue " died and was deceased afterwards, to wit, at Alburgh aforesaid, on the 20th day of July, 1839." The allegation of the death of John Ladue was necessary, as the note declared on was payable in one year from his decease, and was a material allegation. When a *videlicet* is followed by that which is material and necessary to be alleged, it is considered as a direct and positive affirmation, or averment, which is traversable, unless contrary to the preceding matter. It must be proved, when material, as much as if it had been averred without a *videlicet.* This rule is to be learned from the reported

cases, as well as from the most approved treatises on pleading. A *videlicet* never renders that immaterial which would otherwise be material. The declaration was not faulty in this particular, and no other objections were made to it.

The judgment of the county court must therefore be reversed, and judgment rendered for the plaintiff.