## Joseph Luka, Administrator, Appellee, v. J. Behn, Appellant.

### Gen. No. 6,932.

1. Pleading—*definition and purpose of videlicet.* When any fact alleged in a pleading is preceded by the words, "to wit," or "that is to say," such fact is said to be "laid under a videlicet," the use of such videlicet being to point out, particularize or render more specific that which has been previously stated in general language only.

2. Death—*necessity of pleading date of death.* The date of death of a plaintiff's intestate, in an action for death by wrongful act, is a material fact to be pleaded, because, under the Injuries Act, such action must be brought within one year from the date of death.

3. Death—*allegation of date of death under videlicet.* The fact that the date of an injury and death is laid under a videlicet, in all the counts of a declaration, in an action for death by wrongful act, does not render the declaration defective as not stating a cause of action, on the theory that the declaration must allege facts showing that the action was brought within the time specified by the Injuries Act, and that the allegation under a videlicet does not comply with the statute, where the proof shows the action to have been begun within a year of the date so alleged and that the death occurred on the date so alleged.

4. Pleading—*proof of matters laid under videlicet.* Material matters alleged in a declaration must be proved with equal strictness whether laid under a videlicet or not, and it is only when matters alleged under a videlicet are not essential or material that the party is relieved from the necessity of proving them strictly.

5. Pleading—*rule of liberal construction.* The policy of the law and the trend of judicial decisions incline toward great liberality in the construction of pleadings.

6. Death—*instruction ignoring evidence as to wilful misconduct properly refused.* An instruction to find a defendant not guilty of wilful misconduct, requested in an action for death where a 13-year-old boy fell off the running board of an automobile, is properly refused, when there is evidence tending to prove the alleged wilfulness.

7. Trial—*waiver of motion for peremptory instruction by failure to renew.* The failure of a defendant to renew his motion to find such defendant not guilty of wilful misconduct, in an action for the wrongful death of a boy who fell from the running board

of an automobile, where the motion is submitted orally at the conclusion of the plaintiff's case and is not renewed at the close of all the evidence, is a waiver of said motion.

8. WITNESSES—*when impeaching evidence properly excluded.* The exclusion of evidence offered for the purpose of impeaching a witness for the adverse party is proper when no foundation is laid for the introduction of such impeaching evidence when the witness is on the stand and when, at the time of offering the impeaching evidence, such witness has left the city and cannot be recalled.

9. WITNESSES—*discretion of court as to recalling.* Permission to recall a witness rests in the sound discretion of the court.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed April 27, 1922.

SIDNEY H. BLOCK and GEORGE W. FIELD, for appellant.

MARTIN C. DECKER and RALPH J. DADY, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This is an action on the case brought by Joseph Luka, as administrator of the estate of Teddy Luka, deceased, to recover damages against appellant for the death of the said Teddy Luka, a 13-year-old boy. The declaration contains two original and one additional counts. The first count charges that the appellant was possessed of a certain automobile and by his agent and chauffeur permitted the deceased to ride on the running board thereof and through the carelessness, recklessness and negligence of the said agent and chauffeur in operating the said automobile the deceased was injured, from which injuries he died. The second count charges that the injuries were inflicted recklessly, wilfully and wantonly. The third or additional count is substantially the same as the second count except for the averment in the additional count that the deceased made it known to said agent and chauf-

feur that he, the deceased, wanted to alight from said automobile.

All three of the counts laid the date of the injury under a videlicet as follows: ''On, to-wit: February 18, 1920'' and charge that the death took place ''On the day and year last aforesaid.'' To all of these counts the appellant pleaded the general issue.

On the trial of the cause there was evidence offered on behalf of plaintiff tending to show that the deceased, Teddy Luka, and a boy by the name of Neal were on the truck in question with the knowledge of the appellant's chauffeur; that Luka was on the running board on the right-hand side and Neal was in the back of the truck, which was going east in the direction of Luka's home; that while Luka was on the running board as aforesaid he told appellant's driver not to forget to stop at his, Luka's, house; that the driver was zigzagging in the street and as the car got about opposite the home where Luka lived the latter slipped off and the hind wheel of the truck ran over him.

A verdict was rendered in favor of the plaintiff, the appellee here, for $1,500. Motions for a new trial and in arrest of judgment were made by appellant and were overruled by the court. Judgment was entered upon the verdict and this appeal is prosecuted therefrom.

As we have heretofore stated, the date of the injury and death is laid under a videlicet in each of the counts and it is contended by appellant that in this case the allegations of the declaration and of each count thereof do not state a cause of action and that the court should have allowed his motion in arrest of judgment. In support of such contention it is insisted that this action is predicated upon statutory grounds and must have been brought within one year from the date of the death of Teddy Luka as provided in the Injuries Act; that the commencement of the action within one year from the date of the death is a condition of the

liability and operates as a limitation of the liability itself and not merely of the remedy; that it is essential and indispensable for the declaration to allege or state facts showing that the action was brought within the time prescribed by the statute and that the date alleged under a videlicet is not an alleging of any particular date and therefore does not comply with the statute.

If the contention of appellant upon this question is sound, then it is decisive of the case. In *Hartray v. Chicago Rys. Co.*, 290 Ill. 85, a judgment for the wrongful death of plaintiff's intestate was reversed because the declaration contained no allegation that the action was commenced within one year after the death of said intestate nor was the date of his death averred at all. In its opinion, the Supreme Court said: "A declaration which fails to allege a fact, the existence of which is necessary to entitle the plaintiff to recover, does not state a cause of action. * * * This suit was brought under the Injuries Act and the time fixed for commencing an action arising under that act is a condition of liability, and operates as a limitation of the liability itself, and not of the remedy alone. * * * Since the right of action for death by wrongful act is wholly statutory, and must be taken with all the conditions imposed upon it, the burden being upon plaintiff to bring himself within the requirements of the statute, it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitation and goes to the existence of the right itself. It is a condition attached to the right to sue at all. * * * It is a condition precedent to the right of recovery granted by this act that the action be brought within one year after the cause of action accrues." The Supreme Court further held that the declaration stated no cause of action; that the omission to allege essential facts was not

cured by verdict and that the motion in arrest of judgment should have been allowed.

In the *Hartray* case, *supra,* there was no question concerning the use of a videlicet but the holding is unequivocal, that a declaration under the Injuries Act must positively aver in some manner that the suit was commenced within one year from the date of the death of the injured party. It, therefore, becomes necessary for us to consider and determine whether the declaration in the case before us contains any positive averment that this suit was brought within the time required by statute.

According to Black's Law Dictionary, second edition: "The words 'to-wit' or 'that is to say' so frequently used in pleading, are technically called the 'videlicet'; and when any fact alleged in a pleading is preceded by, or accompanied with, these words, such fact is, in the language of the law, said to be 'laid under a videlicet.' The use of the videlicet is to point out, particularize or render more specific that which has been previously stated in general language only; also to explain that which is doubtful or obscure."

We are aware that it has been sometimes held that where it is necessary in a pleading to allege a particular date because of its materiality, it is not sufficient to do so under a videlicet and that where a declaration requiring an averment of a material date alleges it under a videlicet, the declaration is not sufficient. This strict and technical rule of pleading does not appear to be consistent with the great weight of authority upon the question.

The members of the profession are aware that greater strictness is required in criminal proceedings than in civil proceedings, yet we all know the freedom which is permitted in the use of the videlicet or the scilicet even in the old forms of indictment where it is alleged, "That afterwards, to wit: etc., at, etc.," the defendant did, etc. In a discussion of the use of the

videlicet in criminal pleadings, it is said in 1 Chitty on Criminal Law, sec. 226, that where the time when a fact happened is immaterial, and it might as well have happened at any other date, there, if alleged under a scilicet it is absolutely nugatory, and, therefore, not traversable; and if it be repugnant to the premises, it will not vitiate, but the scilicet itself will be rejected as superfluous and void; but that, where the precise time, etc., is material and enters into the substance of the description of the offense, there the time, etc., though laid under a scilicet, is conclusive and traversable, and it will be intended to be the true time, and no other; and, if impossible or repugnant to the premises, it will vitiate. Either the allegation must exactly correspond with the fact, or it may vary; if the former, it will be laid with a scilicet, which may be rejected; and, if the latter, though the scilicet were omitted, evidence of a different day, quantity or place may be admitted. How reasonable is this rule! If the date to be proven is immaterial to the pleading and if one date may be proven as well as another, then the employment of a videlicet or a scilicet may be used. On the other hand, if because of its materiality, it is necessary to allege a particular date, then there is no good reason why the date, though laid under a videlicet should not be traversable. The test ought to be whether or not the allegation, as to date, is material and traversable. If an inspection of the pleading shows that it is, the pleading ought to be held to be good, regardless of whether it contains the term "to wit" or not. If an inspection of the pleading discloses that the allegation as to time is immaterial, then of course it is not necessary to traverse it.

Chitty in his work on Pleading, sec. 318, in discussing the use of the videlicet in civil actions, says: "It is clear that when the matter alleged is material and traversable, and must be stated with exactness and certainty, the statement of such matter under a vide-

licet will not avoid the consequences of a variance or repugnancy if the matter be misstated, and there would be a fatal variance in the absence of the videlicet; and this whether the matter be the consideration or promise in the case of a contract, or be time or place, when material, or relate to other objects. Thus it is necessary to state the grant of letters of administration to a plaintiff suing as administrator, if the date of the grant, though laid under a scilicet be incorrectly stated to have been on a day preceding the alleged date of the promise to the intestate, it will be bad on special demurrer, although preceded with the words, that after the death of the intestate, to wit, on such repugnant day, the letters were granted. In stating such matter, therefore, the videlicet is useless to avoid a variance; and although it be used, the averment is considered positive, direct and traversable." Thus it is seen that this eminent authority holds that an allegation of a material date is not made uncertain by the use of the videlicet. He applies the test of materiality and of traversability. If he finds the averment as to time is necessary and material and can and ought to be traversed in a plea, then he ignores the videlicet and justly so. The Encyclopedia of Pleading and Practice, vol. 19, page 254, has the following text: "In all cases where the time at which a fact occurred is not considered as forming a material part of the issue, the time should be laid under a videlicet; but whenever time is material, so that if a traverse be taken the time laid is of the substance of the issue and must be strictly proved, the time must be stated truly, and the insertion of the videlicet is useless," and again on page 255, in speaking of the effect of the uselessness of a videlicet on material matters, it is said: "The use of a videlicet will not, in any event, render immaterial matter which would otherwise be material to the case, and where the words under the scilicet are essential to the pleading and of a nature to be tra-

versed, they cannot be rejected. When a videlicet prefaces matter that is material or necessary to be alleged it is considered as a direct and positive affirmation which can be traversed unless it is contrary to matter preceding it, and it must be proved to the same extent as if it had been averred without a videlicet.'' In the case at bar, the date of the death of plaintiff's intestate was a material fact to be pleaded. It had to be laid at a time within one year immediately prior to the commencement of the suit. It was so laid under a videlicet as February 18, 1920. The record shows that action was begun on August 28, 1920. Is it reasonable to permit this necessary and material allegation as to date to be declared ineffective because and only because the allegation is made under a videlicet?

In *Frank v. Morris,* 57 Ill. 138, the Supreme Court held that where the matter alleged in a plea is material, stating it under a videlicet will not avoid the consequences of a variance, and that such matter, if traversed, must be proved. In *People v. McCanney,* 205 Ill. App. 91, this court held that the rule concerning the office of a videlicet does not apply if the matter stated under a videlicet is material to the charge.

The Supreme Court of Florida in *Dawkins v. Smithwick,* 4 Fla. 158, held that when time is material, it is traversable, and the plaintiff must prove it, and it makes no difference that it is alleged under a videlicet. In *Vail v. Lewis,* 4 Johns. (N. Y.) 450, it was held that if a date laid under a videlicet is material, the time must nevertheless be proved according to the fact. In *Ladue v. Ladue,* 16 Vt. 189, it is held that a material and necessary date averred under a videlicet must be proved as though the videlicet had not been used. The Supreme Court of Missouri in *Schlatter v. Rector's Adm'r,* 1 Mo. 286, held that when time is a material element of the cause of action, the stating of it under a videlicet will not make it immaterial.

It is only when matters alleged under a videlicet are

not essential and material that the party is relieved from the necessity of proving them strictly, and, therefore, material matters must be proved with equal strictness whether laid under a videlicet or not. (31 Cyc. 705.) The policy of the law and the trend of judicial decision both incline toward greater liberality in the construction of pleadings. It would be harsh indeed in this case to deprive the plaintiff of his judgment because in his declaration he used the term ''to wit'' immediately preceding his statement of the exact day the proof showed without question that his intestate met his death. We therefore hold that the court committed no error in denying appellant's motion in arrest of judgment.

Appellant urges that the trial court should have instructed the jury that there was no evidence tending to support the counts charging the appellant with wilful misconduct and that the court should have instructed the jury to find him not guilty as to such counts. It is sufficient to say that there is evidence tending to prove alleged wilfulness in this case and, therefore, the trial court had no right to give the instruction asked.

However, it may be noted that the motion for the desired action on the part of the trial court was submitted orally at the conclusion of plaintiff's case and was not renewed at the conclusion of all the evidence. By this failure to renew his said motion it was waived. (*Reavely v. Harris*, 239 Ill. 526.)

Near the conclusion of the evidence offered on behalf of the appellant, he sought to show, by his daughter, a conversation for the purpose of impeaching a witness who had testified in behalf of appellee. When appellee's witness was on the stand, no foundation was laid for the introduction of the impeaching testimony sought to be offered by appellant and when such testimony was offered appellee's witness could not be recalled, because of his having left the city where this

suit was tried. Even if he were in the courtroom at the time, permission to recall him was within the sound discretion of the court. And in view of the fact that the witness was not in the courtroom and could not be again produced without inconvenience and delay, the court properly ruled upon the question.

The record in this case seems to be free from substantial error and the judgment will be affirmed.

*Affirmed.*