Margaret Dennis and Louis Bleiweiss, Appellants, v. Valentine Range, Appellee.

Term No. 47,012.

Opinion filed January 26, 1948. Rehearing denied February 24, 1948. Released for publication February 26, 1948.

TURNER, HOLDER & ACKERMANN, W. E. ACKERMANN, both of Belleville, and E. W. EGGMANN, of East St. Louis, for appellants.

LOUIS BEASLEY, of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, Illinois, entered upon the verdict of a jury in favor of appellee, Valentine Range (hereinafter called defendant), and against appellants, Margaret Dennis and Louis Bleiweiss (hereinafter called plaintiffs), denying plaintiffs the right to possession of lands described in the complaint in a forcible entry and detainer suit, and for costs against plaintiffs.

The original forcible entry and detainer action was commenced in the justice court of a police magistrate and after appeal to the circuit court of St. Clair county, was tried in that court before a jury and a verdict was found in favor of defendant. The facts in the case disclose that plaintiffs are the owners of the tract of land, described in a certain warranty deed, which was purchased from the defendant and certain other grantors, which deed contained a recital, "This conveyance is made subject to the rights and tenancy of the present tenant, whose term of lease expires August 1, 1946." The evidence disclosed that defendant, who was one of the grantors in the deed, had a lease to the premises, which provided for termination as of August 1, 1946, but which also contained a recital, "Tenant to have plenty of time to remove such crops as are not matured by August 1, 1946." There was evidence to the effect that plaintiffs had notice of defendant's tenancy and of such provision by having heard the lease read at a public sale, which was held prior to the giving of the warranty deed to plaintiffs.

The defendant had lived on the premises continuously from 1911 until the time of the action resulting in the proceeding before this court.

A public sale had been held of the property in question on the premises on January 26, 1946. The plaintiff, Margaret Dennis, had attended the public sale and had also been advised that defendant was living on the farm prior to the time of the sale and that there were growing crops on the land. The plaintiff did not make a purchase at the public sale, but bought the property from one Steve Jarvis, who was the purchaser at the public sale. The deed was made directly from the owners of the property, including the defendant, to plaintiffs. There was evidence that the auctioneer read the lease pursuant to which defendant was in possession, although plaintiff denies this fact. The farm as a whole consists of more than eighty acres, and defendant surrendered portions of the land as the crops matured. Defendant wrote Mrs. Dennis a letter in which he released and made available to her the wheat ground, alfalfa land, and timothy ground. The only remaining crops on the tract of land were about four acres of corn, six or seven acres of soybeans, and about one acre of horseradish. The soybeans, corn and horseradish would not mature until October. There was some evidence to the effect that plaintiff, Margaret Dennis, wanted to rent three or four acres of the small acreage still retained by defendant, but was told by the defendant that the ground was not for rent. While defendant and two assistants were removing corn on October 23, 1946, they were stopped by the plaintiff, Margaret Dennis, even though the corn could have been removed in the space of five hours, and Mrs. Dennis had the men arrested. The defendant finally obtained an injunction to restrain the plaintiff from interfering with his removing the crops from the balance of the few acres still in his possession.

Before August 1, 1946, the plaintiffs had given written notice to defendant demanding the surrender to plaintiffs of the possession of the premises not later than August 1, 1946, for their sole use and to prepare the land for future crops. It was the contention of the plaintiffs that the defendant's lease was not binding upon them and that any act done by defendant in planting crops which would not mature until after August 1, 1946, was contrary to the terms of the deed.

A motion had been filed in this cause for leave to file an amended and additional abstract of record on behalf of the plaintiffs. We do not believe that any of the matters referred to in the additional abstract of record are significant in the determination of this cause. We have given complete consideration to all matters of record in the determination of this cause, and for that reason do not believe any formal order allowing the motion of plaintiffs need be entered.

Many points are raised and cited by plaintiffs as ground for reversal of the judgment of the court below. We will treat all of the objections in the course of this opinion.

The facts as disclosed from the record show that the deed was expressly made subject to the tenancy of the present tenant, whose term of lease expired August 1, 1946. That was a definite notice in writing to the grantees as to the identity of the tenant and the date of the expiration of the lease. The fact that the lease contained an express provision that "tenant shall have plenty of time to remove such crops as are not matured by August 1, 1946," and that such lease was read at the public sale and in the presence of one of the plaintiffs, together with the occupancy of the land by the defendant, clearly establishes the fact of notice to plaintiffs on the rights of the defendant (*German-American Nat. Bank v. Martin*, 277 Ill. 629; *Morrison v. Miles*, 270 Ill. 41.) The judgment of the court below under the facts was, therefore, consistent with the law.

This is not, as plaintiffs contend, a case of the character where growing crops would pass to the vendee, unless they were reserved in the deed by the vendor, for the reason that there was a specific reference in this deed to the fact of the lease and the provisions of the lease clearly authorizes removal of any growing crops. If the warranty deed had been given by the owners and nothing had been said about a lease, or if there had been no reservation of the right of removal of the growing crops, then the position of plaintiffs would have been sound. Under the facts, however, the verdict of the jury and the judgment of the court in favor of the defendant was proper. The deed and the lease concerning the subject matter were clear and the rights and obligations of the parties were not in doubt (*Wilson v. Roots,* 119 Ill. 379).

Objections are made to the instructions which were given or refused in the court below. There is a lengthy discussion of all these instructions. It would unnecessarily extend this opinion to discuss such objections in detail. We do not believe there was any reversible error in the giving or refusing of such instructions under the facts in this case. The plaintiffs have not made the burden of this court easier by failing to incorporate all of the instructions in the abstract, but we are not predicating our conclusions as the instructions upon such omission.

Objection is also made to the action of the court below in sustaining the objection to the testimony of James B. Pickle, the justice before whom the cause was tried below, to identify the lease offered in the court below and to testify whether it was the same or in the same condition as when offered to him in the trial court on August 8, 1946. The court sustained the objection to such testimony in absence of any foundation for such evidence as to rebuttal testimony. The offer was to testify the lease shown to Pickle was written in different English, or rather, in two kinds of English, and that the terms and condi-

tions were similar to the terms and conditions in the lease in evidence in this cause. It is not clear how. such testimony would have aided plaintiffs, but in any event the exclusion of the evidence offered, presumably to impeach a witness, was proper where no foundation had been laid for the impeachment when the witness was on the stand (*Luka v. Behn*, 225 Ill. App. 105).

We believe, after an examination of the entire record in this cause, that the judgment of the court below was proper, and should be affirmed.

*Judgment affirmed.*

BARTLEY and SMITH, JJ., concur.