ARTHUR BAHR, Admr., Appellant, *vs.* THE NATIONAL SAFE
DEPOSIT COMPANY, Appellee.

*Opinion filed April 23, 1908.*

1. PLEADING—*when plea of the Statute of Limitations is proper.*
Failure of the plaintiff to allege any cause of action in his declaration, filed before the period of limitation has run, bars his right
to recover under an amended declaration filed after the period of
limitation has expired, even though the amended declaration sets
forth a cause of action.

2. SAME—*when declaration fails to state a cause of action.* A
declaration in an action for damages for the death of plaintiff's
intestate, occasioned by falling down an air-shaft in defendant's
building, fails to allege a cause of action, if it contains no averments showing why the deceased was in the building, nor any facts
raising a duty on the part of the defendant to protect the deceased
from injury while he was there.

3. NEGLIGENCE—*what elements are essential to a recovery for
negligence.* In an action for damages for an injury claimed to
have resulted from the defendant's negligence, it is essential to
aver and prove the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains,
a failure by defendant to perform that duty and a resulting injury
to the plaintiff, and the absence of any one of such elements from
the declaration or proof precludes a recovery.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. AXEL CHYTRAUS, Judge,
presiding.

Arthur Bahr, as administrator of the estate of Bruno O.
Bahr, deceased, commenced a suit in the superior court of
Cook county against the National Safe Deposit Company to
recover damages for the death of Bruno O. Bahr, which it
is alleged resulted from the negligence of defendant. On
January 31, 1906, a declaration, consisting of three counts,
was filed, the first count of which is as follows: "For that
whereas the defendant, in the lifetime of the said Bruno O.

Bahr, to-wit, on or about the 24th day of October, A. D. 1905, was possessed of, controlled and managed a certain building and appurtenances thereto belonging, in the city of Chicago, in the county aforesaid, in which said building there now is, and before and on the day aforesaid there was, a certain air-shaft with an opening on each floor of said building, messuage and premises of the defendant, yet the defendant, well knowing the matters aforesaid, while it was the possessor, occupant and manager of the said building and the appurtenances thereto, and while there was such air-shaft, as aforesaid, to-wit, on the day aforesaid, there wrongfully, negligently and unjustly permitted the openings of said air-shaft then and there so badly, insufficiently and defectively closed, guarded, obstructed and protected, that by means of the premises, and for want of proper and sufficient closing, guarding, obstructing and protecting of the openings to said air-shaft, and while the said Bruno O. Bahr, on the day aforesaid, was in the said building of the defendant, then and there necessarily and unavoidably fell in and through the said air-shaft and was thereby then and there killed." Then follows allegation as to heirship. The second and third counts were not materially different from the first. On March 6, 1906, the defendant filed a plea of the general issue to the first and second counts and a general demurrer to the third count of the declaration. On the 20th of November the defendant withdrew its plea to the first and second counts and interposed a general demurrer to the whole declaration, which was sustained. On November 23 the plaintiff filed an amended declaration, and on November 28, 1906, the defendant filed a plea of the general issue and a plea of the Statute of Limitations to the amended declaration. Issue was joined upon the first plea and the plaintiff demurred to the plea of the Statute of Limitations, which demurrer was overruled, and the plaintiff electing to stand by his demurrer, the suit was dismissed and judgment entered in favor of the defendant and against

the plaintiff for costs. This judgment has been affirmed by the Appellate Court for the First District. From that judgment plaintiff below has perfected an appeal to this court.

Christian Meier, (Goldzier, Rodgers & Froehlich, of counsel,) for appellant.

Horton, Brown & Miller, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

The rule is established in this State that the Statute of Limitations expiring after the commencement of an action bars recovery upon an amended pleading afterwards put in, where the original pleading fails to state a cause of action; or, stated in other words, the rule is, that when a plaintiff, in his original declaration filed before the Statute of Limitations has run against his cause of action, fails to aver any cause of action whatever, and afterwards, when the statute has run, files an amended declaration with new and additional counts which do set up a cause of action, such new counts must be held to state a new cause of action,—one never before stated and one that is barred by the statute. (*Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185; *Illinois Central Railroad Co.* v. *Campbell,* 170 id. 163; *Klawiter* v. *Jones,* 219 id. 626; *Foster* v. *St. Luke's Hospital,* 191 id. 94; *Mackey* v. *Northern Milling Co.* 210 id. 115; *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 id. 232.) In the case last above cited this court, on page 236, said: "In actions of the character of this it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unit-

edly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action involving actionable negligence; (*Schueler v. Mueller,* 193 Ill. 402; *Mackey* v. *Northern Milling Co.* 210 id. 115; *Faris* v. *Hoberg,* 134 Ind. 269; 33 N. E. Rep. 1028;) and it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty.—*Ayers* v. *City of Chicago,* 111 Ill. 406; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100; *Schueler* v. *Mueller, supra.*"

By reference to the first count of appellant's original declaration it will be seen that there is no averment of any duty owing to appellant's intestate to protect him against injury from falling into the air-shaft. It is not stated why the deceased was upon the premises. For aught that appears he may have been a trespasser. The original declaration was therefore wholly insufficient to support a judgment because of the absence of an averment showing the existence of a duty on the part of appellee to protect appellant's intestate from the injury complained of. The second and third counts of the original declaration were defective in the same respect as the first. There being no cause of action stated in the original declaration, it did not arrest the running of the Statute of Limitations against the cause of action stated in the amended declaration.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*