Percival B. Coffin, Administrator of the Estate of James Monroe Wright, Deceased, Appellee, v. Greer College of Motoring, Appellant.

**Gen. No. 32,239.**

Opinion filed May 8, 1928.

SOELKE, KOEHN & LOEWY, for appellant.

MURPHY O. TATE and GEORGE N. WELSH, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action for damages against defendant, commenced April 8, 1926, for negligently causing the death in an automobile accident of plaintiff's intestate, James Monroe Wright, there was a trial before a jury in January, 1927, resulting in a verdict in plaintiff's favor for $4,750. After plaintiff had remitted $2,750, defendant's motions for a new trial and in arrest of judgment were overruled and, on February 19, 1927, judgment was entered against defendant for $2,000. This appeal followed.

Plaintiff's original declaration, filed April 8, 1926, consisted of four counts. The first count contained five paragraphs. In paragraphs 1 and 2 it was alleged that "on, to-wit, *February* 28th, 1925," defendant, being the owner of an automobile, was driving it by an agent southerly upon Wabash avenue, near its inter-

section with 20th street, Chicago, and that plaintiff's intestate was lawfully walking across Wabash avenue at or near the intersection, exercising due care, etc. The substance of paragraphs 3 and 4 was that defendant, not regarding its duty, etc., so negligently drove the automobile that it ran into and struck said intestate, "inflicting injuries which resulted in the death of said intestate." In paragraph 5 it was alleged that the intestate left him surviving certain next of kin (naming them) who had been deprived of moneys which the intestate would have contributed to them had he lived, and that "this suit was instituted within a year from the *date of* said intestate."

In the second and third counts, paragraphs 1, 2 and 5 of the first count were expressly adopted and the substance of the remaining portions of the counts was that defendant negligently drove the automobile at excessive rates of speed in violation of the statute, in consequence of which defendant's automobile ran into and struck the intestate, "inflicting injuries which resulted in the death of said intestate."

In the fourth count, paragraphs 1, 2 and 5 of the first count were expressly adopted, and the remaining portions of the count charged defendant with then and there wantonly and wilfully driving its automobile against and upon plaintiff's intestate, "inflicting injuries from which resulted the death of said intestate."

To the declaration defendant filed a plea of the general issue and also a plea denying ownership, possession, operation or control of the automobile.

On January 22, 1927, on the eve of the trial, on plaintiff's motion, the court allowed him to amend his declaration on its face by striking out the words *"February* 28th, 1925" and inserting in lieu thereof the words *"December* 28th, 1925," and further allowed defendant on its motion to file an additional plea to the original declaration, and also a general demurrer to the declaration as amended. The amendment was

made upon the face of the declaration and the additional plea and demurrer were filed. The plea is entitled as one of "statute of limitations," and says that plaintiff ought not to have his aforesaid action because the "several supposed causes of action in said declaration mentioned did not accrue to plaintiff at any time within one year next before the commencement of the suit," etc. The demurrer to the declaration as amended is in the usual form. On the same day (January 22nd) plaintiff filed a replication to defendant's additional plea, containing the usual allegations, and further alleging that the date alleged in the original declaration, viz, February 28th, 1925, "was a mere clerical error and should have read December 28th, 1925, and that said cause of action actually accrued on December 28th, 1925, and that said suit was filed on April 8th, 1926, within one year from the date of said accrual."

On January 24, 1927, after arguments of counsel, the court overruled defendant's demurrer to the declaration as amended, and ordered that defendant's pleas on file to the original declaration (except its plea of nonownership and noncontrol of the automobile, which it withdrew) stand as pleas to the declaration as amended. And thereupon the jury were impaneled and sworn, and an adjournment was taken until the following day.

On that day (January 25th) there seems to have been further arguments on the overruled demurrer, for the transcript discloses that it was again overruled by the court; and thereupon, on plaintiff's motion, the court granted him leave (immediately acted upon) to further amend his declaration on its face by inserting after the words "date of" (in the clause reading that "this suit was instituted within a year from the *date of* said intestate") the words "the death of" (so that they read that "this suit was instituted within a year from the date of the death of said intestate"); and there-

upon the court further ordered that "by agreement, all pleas heretofore filed by defendant, including the plea of the statute of limitations, stand to the declaration as amended, and also that plaintiff's replications heretofore filed stand to such pleas," and the court, later in the day and during the progress of the trial, allowed plaintiff to withdraw the wilful and wanton count from the jury's consideration. The verdict, as first above mentioned, was returned on January 26, 1927.

The evidence disclosed in substance that the accident happened on December 28, 1925, about 6 p. m., on Wabash avenue, at or near its intersection with 20th street; that deceased, about 34 years of age, while attempting to cross Wabash avenue from west to east on or near the cross-walk, was struck, run down and dragged some distance by defendant's automobile, receiving injuries from which he died on the same day; that he was single and in good health and had been employed as a porter at St. Luke's hospital, Chicago; and that prior to his death he had contributed monthly to the support of his mother, Martha Wright, 67 years of age and residing at Carterville, Illinois, various sums of money averaging about $25 per month.

Defendant's counsel contend that the judgment cannot stand, because the court erred in overruling defendant's demurrer to the declaration as amended, in not sustaining its plea of the statute of limitations thereto, and in not sustaining its motion in arrest of judgment. The argument is that the original declaration (filed April 8, 1926, the day the action was commenced) did not state upon its face a cause of action because it alleged that the accident, resulting in the death of plaintiff's intestate, occurred on February 28, 1925, more than one year before the commencement of the action; that the amendment to the declaration, made on January 22, 1927, and alleging that the accident resulting in said death occurred on December 28,

1925 (more than one year before the making of the amendment), stated a new cause of action and came too late; and that, hence, plaintiff cannot recover, especially in view of the proviso as contained in section 2 of the Injuries Act, Cahill's St. ch. 70, ¶ 2, viz, that every action, like the present, "shall be commenced within one year after the death of such person."

After careful consideration of the contention and argument we are of the opinion that the superior court erred in not sustaining defendant's motion in arrest of judgment, and that the judgment appealed from cannot stand and should be reversed.

In *Hartray v. Chicago Rys. Co.*, 290 Ill. 85, it appears that the Appellate Court for this district reversed a judgment obtained in an action brought by the administrator of the estate of Frank Jagielski against the Railways Company to recover damages for the death of Jagielski, and that the Supreme Court affirmed the judgment of the Appellate Court. The opinion discloses that the action was commenced on November 28, 1910; that the declaration alleged that the injury resulting in death occurred on June 27, 1909, and contained no averment that the action was commenced within one year after the death of Jagielski, and did not aver the date of his death; and that, after verdict in favor of said administrator, the Railways Company interposed a motion in arrest of judgment, which the trial court overruled. The Railways Company contended that the declaration must show *upon its face* that the action was brought within one year after the death; that this is an essential averment under the statute, and that, hence, the declaration stated no cause of action. Our Supreme Court agreed with these contentions, and held (p. 88) that "the omission to allege essential facts is not cured by verdict." In the opinion the court said (pp. 86–87):

"A declaration which fails to allege a fact the existence of which is necessary to entitle the plaintiff to

recover does not state a cause of action. * * * This suit was brought under the Injuries Act, and the time fixed for commencing an action arising under that act is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone. * * * Since the right of action for death by wrongful act is wholly statutory and must be taken with all the conditions imposed upon it, the burden being upon plaintiff to bring himself within the requirements of the statute, it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitations and goes to the existence of the right itself. It is a condition attached to the right to sue at all. * * * It is a condition precedent to the right of recovery granted by this act that the action be brought within one year after the cause of action accrues. * * * In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action. * * * Inasmuch, therefore, as the limitation of the time in which to sue is considered not merely of the remedy but of the right of action itself and the cause of action exists subject to the limitation, a declaration must allege or state facts showing that the action is brought within the time prescribed by the statute.'' (See, also, *Bishop v. Chicago Rys. Co.,* 303 Ill. 273, 277.)

In view of the holdings in the *Hartray* case, *supra,* we do not think that plaintiff's original declaration stated such facts as disclosed affirmatively on its face a cause of action under the Injuries Act, Cahill's St. ch. 70, ¶ 1 *et seq.,* against defendant. He alleged that the accident, resulting in the death of the intestate, occurred on *February* 28, 1925 (more than one year before the commencement of his suit on April 8, 1926), but he did not definitely and affirmatively allege when

said death occurred. It is true he alleged that "this suit was instituted within a year from the *date* of said intestate," but this allegation is meaningless, and in no count of the declaration does he allege affirmatively and clearly that the suit was commenced within one year after the death of the intestate. And we are of the opinion that when, on January 22nd and January 25th, 1927, he made the amendments to his declaration as above mentioned, these amendments stated a new cause of action, and came too late because at those times more than one year had elapsed since the death of the intestate on December 28, 1925. In *Bahr v. National Safe Deposit Co.*, 234 Ill. 101, 103, it is said:

"The rule is established in this State that the Statute of Limitations expiring after the commencement of an action bars recovery upon an amended pleading afterwards put in, where the original pleading fails to state a cause of action; or, stated in other words, the rule is, that when a plaintiff, in his original declaration filed before the Statute of Limitations has run against his cause of action, fails to aver any cause of action whatever, and afterwards, when the statute has run, files an amended declaration with new and additional counts which do set up a cause of action, such new counts must be held to state a new cause of action,— one never before stated, and one that is barred by the statute."

In *Allis-Chalmers Mfg. Co. v. City of Chicago*, 297 Ill. 444, 449, it is said: "The rule is well established that when a cause of action is stated *for the first time* in an amended count of a declaration the suit is regarded as having been commenced as to such cause of action at the time of filing the amended count, and if the Statute of Limitations has then run it will be a bar to the new cause of action stated in the amended count." We think that the same rule should apply in actions brought under the Injuries Act.

It is contended by plaintiff's counsel, however, that, because in the original declaration the erroneous date of "February 28, 1925," was preceded by a *videlicet*, the declaration did not purport to fix any exact date, and that under such a declaration the actual date of the death of the intestate could properly have been shown upon the trial to have occurred within one year prior to the commencement of the suit. We cannot agree with the contention. In an action brought under the Injuries Act, Cahill's St. ch. 70, ¶ 1 *et seq.*, the allegation as to date of the death of the injured party is a most material one, for, if the death occurred more than one year before the commencement of the action, there is no right of action. In 19 Encyc. Pl. & Pr., pp. 254, 256, it is said:

"In all cases where the time at which a fact occurred is not considered as forming a material part of the issue, the time should be laid under a *videlicet;* but whenever time is material, so that if a traverse be taken the time laid is of the substance of the issue and must be strictly proved, the time must be stated truly, and the insertion of the *videlicet* is useless. * * * When a *videlicet* prefaces matter that is material or necessary to be alleged it is considered as a direct and positive affirmation which can be traversed unless it is contrary to matter preceding it, and it must be proved to the same extent as if it had been averred without a *videlicet*, so that the consequences of a variance between allegation and proof will not be avoided." (See, also, *Luka v. Behn,* 225 Ill. App. 105, 111.)

In 31 Cyc. 705, it is said:

"The proper office of a *videlicet* is to particularize or explain what goes before it, or to state time, place or manner, which are not of the essence of the matter in issue, so that they need not be proved strictly as laid. But it is only when matters alleged under a *videlicet* are not essential and material that the party is relieved from the necessity of proving them strictly, and there-

fore material matters must be proved with equal strictness whether laid under a *videlicet* or not.''

In *Frank v. Morris,* 57 Ill. 138, 139, it is held that where the matter alleged in a plea is material and traversable, the stating of it under a *videlicet* will not avoid the consequences of a variance, and that such matter, if traversed, must be proved. In *People v. McCanney,* 205 Ill. App. 91, 98, it is said: ''The office of the *videlicet* is to indicate that the pleader does not undertake to prove the precise circumstances alleged. * * * This rule does not apply if the matter stated under a *videlicet* is material to the charge.'' In *Schlatter v. Rector's Adm'r,* 1 Mo. 286, 287, it is said: ''The law is, that where time is material, a *videlicet* will make it neither better nor worse; but the party will be bound to prove all material allegations, as laid.'' In *Dawkins v. Smithwick,* 4 Fla. 158, 163, it is said: ''The general rule, as laid down by Sir William Blackstone, is doubtless the correct one. He says, the true distinction is, where the time when a fact happened is immaterial, and it may have happened on another day, if alleged under a *videlicet,* it is not traversable; but when the precise time is the very point and gist of the action, then the time alleged under the *videlicet* is conclusive and traversable. 1st Blackstone's Reports, 495.'' In *Ladue v. Ladue,* 16 Vt. 189, 190, it is said: ''When a *videlicet* is followed by that which is material and necessary to be alleged, it is considered as a direct and positive affirmation, or averment, which is traversable, unless contrary to the preceding matter. It must be proved, when material, as much as if it had been averred without a *videlicet.* * * * A *videlicet* never renders that immaterial which would otherwise be material.''

Holding, as we do, that for the reasons stated the judgment appealed from cannot stand, it is unnecessary for us to discuss the other contentions of defendant's counsel, viz, (1) that the verdict is against the

manifest weight of the evidence on the question of the contributory negligence of the deceased at the time of the accident; (2) that the verdict is excessive even as remitted; (3) that certain improper evidence offered by plaintiff was admitted over objection; (4) that certain erroneous instructions offered by plaintiff were given, and (5) that both plaintiff's attorney and the trial court made improper remarks in the jury's presence, which were prejudicial to defendant. We may, however, say that we have considered the contentions and are of the opinion that each and all are without substantial merit.

The judgment of the superior court is reversed without remanding the cause.

<em>Reversed without remandment.</em>

MR. JUSTICE SCANLAN specially concurring: I agree with Mr. Justice Gridley that the declaration lacked an essential and material averment, viz, that the suit was commenced within one year after the death of the intestate. The right of action of the plaintiff is wholly statutory, and the burden was upon him to bring himself, in his declaration, *clearly* within the prescribed statutory requirements. (*Hartray v. Chicago Rys. Co., supra.*) That the declaration fails to state a cause of action, under the statute, cannot be, in my judgment, reasonably disputed. It would be, in my opinion, contrary to the very statute that gave the plaintiff a right of action, under certain prescribed conditions, to permit, in a case like the present one, the amendment in question, at a time more than one year after the death of the intestate. Nor can I approve of a doctrine that would permit the amendment upon an assumption by the court that the use of the word ''date'' was a clerical error and that the pleader intended to use the word ''death'' instead of ''date.'' Such a novel and far reaching doctrine, in my opinion, runs counter to the statute and the practice. After a very

careful consideration of the instant question, I find myself forced to the conclusion that the judgment of the superior court of Cook county must be reversed.

Mr. Presiding Justice Barnes dissenting: I think the allegation that the suit was instituted within one year from the "date of said intestate" cannot reasonably be deemed meaningless, in view of the evident purpose of the pleader to allege, as required in a death case, that the suit was begun within one year from the death of the intestate. The use of the word "date" instead of the word "death" is so obviously a clerical error, and the purpose and meaning of the allegation so unmistakable, that its correction could not reasonably be deemed to state a different cause of action.

The date of the *videlicet* is that of the accident and does not purport to be that of the death resulting therefrom. As the right of action hinges upon the time of death it is immaterial whether the exact date of the accident be alleged. Hence discussion of the law relating to the use of the *videlicet* has no bearing on the material issue, namely, whether it appears in the declaration that the suit was begun within one year of the death of the intestate. An averment to that effect sufficiently appears, as aforesaid, to render the declaration invulnerable to demurrer.

I not only think the amendments were properly allowed but the defects of the declaration were such as would have been cured by verdict if there had been no amendments. Depriving a party of his right of action upon such a technicality does not comport with my sense of justice or a reasonable rule of construction.