Oscar S. Lipcovitz, Appellee, v. Warren Printing Company, Appellant.

Gen. No. 32,346.

Opinion filed June 19, 1928.

DULSKY, FRIEDMAN & DULSKY, for appellant; SIMON H. ALSTER, of counsel.

HARRY J. MYERSON, for appellee; A. EDWARD ABERMAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action of the fourth class in contract there was a trial without a jury on May 23, 1927, resulting in the

court finding the issues against defendant and assessing plaintiff's damages at $405. On the same day, after defendant's motions for a new trial and in arrest of judgment had been overruled, the court entered judgment upon the finding against defendant, and this appeal followed. Plaintiff's right of recovery, as stated upon the trial, was based upon a claimed violation of the provisions of the Securities Law of Illinois (Blue Sky Law), in force June 10, 1919, as amended. (Cahill's St. 1927, ch. 32, p. 675 *et seq.*)

In plaintiff's original statement of claim, filed September 8, 1924, he alleged that by agreement made on March 6, 1920, defendant agreed to sell to him 10 shares of its capital stock "as an interest in its business—the stock to be paid for out of the wages earned by plaintiff as a printer in the employ of defendant"; that, on the same day and pursuant to the agreement, he paid to defendant the sum of $300, and thereafter defendant made weekly deductions of $15 from his salary from March 20th to May 1st, 1920, inclusive, or a total deduction of $105; that the total amount thus paid by him is $405; that about May 1, 1920, his employment with defendant "was terminated"; and that, although often requested, defendant has refused to return to him said $405, which is "unlawfully withheld." It will be noticed that in this statement, which in our opinion does not state such facts as disclose a cause of action against defendant, no mention is made of said Securities Law, or that plaintiff's suit is based thereon.

On October 21, 1926, plaintiff obtained leave to file, and filed, an amended statement of claim, containing substantially the same allegations, except that his said discharge from defendant's employ about May 1, 1920, was made "wrongfully" and "without any cause," and also containing the additional allegation that said stock was sold by defendant to plaintiff "contrary

to and in violation of Sections 254–296, both inclusive, of Chapter 32 of the Illinois Revised Statutes, being the Securities Law or Blue Sky Law of the State of Illinois." No facts are stated showing in what particulars, in the sale of said stock to plaintiff, defendant was guilty of a violation of any of the provisions of said Securities Law.

In defendant's affidavit of merits to said amended statement of claim it alleged in substance that, when plaintiff purchased the stock, the agreement was that the shares were only to be delivered to plaintiff when the entire purchase price was paid; that plaintiff has refused to make any further payments; that defendant is ready and willing to deliver the stock when fully paid for; that plaintiff was not discharged about May 1, 1920, wrongfully or without cause; and that defendant, in selling said stock to plaintiff or in its agreement with him relative to the sale, was not guilty of any violation of said Securities Law.

In section 40 of said Securities Law (Cahill's St. 1927, ch. 32, ¶293) it is provided that "all civil actions to recover money or for other purposes under this Act or based upon any provision of this Act must be commenced within five years after the commission of the act complained of." We are of the opinion that in the present case the trial court erred in not sustaining defendant's motion in arrest of judgment and that the judgment cannot stand. The suit was commenced on September 8, 1924. The acts complained of, as alleged and as shown by the evidence, occurred during March and May, 1920. In plaintiff's original statement of claim no charge is made of any violation by defendant of said Securities Law, or is said law even mentioned. It was not until October 21, 1926 (more than five years after the commission of the acts complained of) that plaintiff in his amended statement of claim made any such charge. This was a statement of a new cause of

action, not previously mentioned, and came too late. *(Bahr v. National Safe Deposit Co., 234 Ill. 101, 103; Allis-Chalmers Mfg. Co. v. City of Chicago, 297 Ill. 444, 449.)* In the case last cited it is said: "The rule is well established that when a cause of action is stated for the first time in an amended count of a declaration the suit is regarded as having been commenced as to such cause of action at the time of filing the amended count, and if the Statute of Limitations has then run it will be a bar to the new cause of action stated in the amended count." Plaintiff's counsel here contend that, because defendant (in its affidavit of merits to plaintiff's said amended statement of claim) did not specifically plead said section 40 of the Securities Act, Cahill's St. ch. 32, ¶ 293, as a bar to the action, the judgment can properly be affirmed. But we think that the decision and holdings of our Supreme Court in *Hartray v. Chicago Rys. Co., 290 Ill. 85,* disclose that the contention is without merit. That was an action brought under the Injuries Act, Cahill's St. ch. 70, to recover damages for negligently causing the death of plaintiff's intestate—said act requiring that "every such action shall be commenced within one year after the death of such person." The court held (pp. 86–87) that "the time fixed for commencing an action arising under that act is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone;" that "it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitations and goes to the existence of the right itself;" that "it is a condition attached to the right to sue at all;" and that "as the limitation of the time in which to sue is considered not merely of the remedy but of the right of action itself and the cause of action exists subject to the limitation, a declaration must allege or state facts showing

that the action is brought within the time prescribed by the statute.'' The right to bring an action either under the Injuries Act or under the Securities Law is wholly statutory, and a plaintiff, in order to successfully prosecute that right, must bring himself within the requirements of the statute. (See, also, *North Side Sash & Door Co. v. Hecht,* 295 Ill. 515, 520.) In the present case plaintiff did not make any claim against defendant under the Securities Law until October 21, 1926, and it then affirmatively appeared from his amended statement of claim that the acts complained of, because of which he asked the return of certain moneys by virtue of provisions of said Securities Law, occurred more than five years before October 21, 1926.

For the reasons indicated the judgment of the municipal court is reversed without remanding the cause.

*Reversed.*

BARNES, P. J., and SCANLAN, J., concur.