Lincoln Park Coal and Brick Company for use of United States Fidelity and Guaranty Company, Appellant, v. The Wabash Railroad Company, Appellee.

.Gen. No. 8,253.

Opinion filed January 24, 1929.
Rehearing denied April 4, 1929.

JOHNSON & PEFFERLE and T. W. HOOPES, for appellant.

ALLEN & CONVERSE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On August 13, 1925, the Lincoln Park Coal and Brick Company brought suit in the circuit court of Sangamon county against the Wabash Railway Company, in which, upon a trial, a verdict and judgment were rendered in favor of appellee. On appeal to this court the judgment was reversed and cause remanded to the circuit court. After the remandment of the cause, an amended declaration was filed to which appellee demurred generally and specially. The demurrer was sustained and, appellant abiding by its declaration, judgment was rendered in favor of appellee to reverse which this appeal is prosecuted.

The case was instituted in the name of Lincoln Park Coal and Brick Company as plaintiff and was so named in the original declaration. On December 22, 1927, leave was granted to substitute as party plaintiff,

"Lincoln Park Coal and Brick Company for the use of the United States Fidelity and Guaranty Company" in lieu of the plaintiff, "Lincoln Park Coal and Brick Company," and leave was also granted to file an amended declaration.

In the original declaration it was alleged that the plaintiff, the Lincoln Park Coal and Brick Company, was engaged in the coal business and that one Charles T. Hale, on January 14, 1925, was in its employ and was killed while engaged in duties arising out of and in the course of his employment, by the negligence of the Wabash Railway Company, appellee; that both plaintiff and said Hale were subject to the provisions of the Workmen's Compensation Act; that on May 8, 1925, the industrial board awarded to Loretta Hale, widow, the sum of $7.69 per week for the period of 416 weeks as provided by said act; that plaintiff became liable to pay said award and did subsequently, from time to time, make such payments as they became due and owing and that said award in full amounts to the sum of $3,199.04 all of which plaintiff is liable to pay; that under and by virtue of section 29 of said Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229, the defendant, Wabash Railway Company, became liable to the plaintiff for reimbursement of said money so expended and to be expended by reason of the death of said Hale.

The amended declaration is substantially in the identical language of the original declaration and uses the word "plaintiff" throughout the declaration, but concludes with the following additional paragraph:

"Plaintiff further avers that prior to January 1st, 1925, that the Lincoln Park Coal & Brick Company was issued a policy by the said United States Fidelity & Guaranty Company, and which policy was in force on January 14th, 1925, and in which said policy the said United States Fidelity & Guaranty Compan

agreed to protect the said Lincoln Park Coal & Brick Company from any and all loss that it might sustain under and by virtue of the Workmen's Compensation Act of the State of Illinois; that in and by said policy and the application for said policy the said Lincoln Park Coal & Brick Company agreed that the said United States Fidelity & Guaranty Company would be subrogated to any and all rights of the Lincoln Park Coal & Brick Company against any third parties wherein the said United States Fidelity & Guaranty Company became liable for and did pay losses occurring in the course of the operation of the said Workmen's Compensation Act and which said losses and liabilities were created by a third party; that as the results of the aforesaid policy of insurance the United States Fidelity & Guaranty Company became secondarily liable to pay and did pay and is continuing to pay the award described in the aforesaid declaration and that under and by virtue of the aforesaid application and policy that the United States Fidelity & Guaranty Company became subrogated to the said Lincoln Park Coal & Brick Company.''

To this amended declaration is attached an affidavit to the effect that the matters and things contained therein are true. .

The specific grounds of the special demurrer are: (1) that the allegations of the amended declaration are repugnant to each other and set up different and contradictory causes of action in both the Lincoln Park Coal and Brick Company and the United States Fidelity and Guaranty Company; (2) that it is indefinite and uncertain so that the defendant is unable to ascertain whether the plaintiff is the Coal Company or the Insurance Company; (3) that it is duplicitous.

From our view of the case it will be only necessary to consider the sufficiency of the amended declaration as tested by the general demurrer. It is urged by ap-

pellee that the amended declaration presents a new cause of action and is barred by the Injuries statute because it was not filed within one year after the death of the employee Hale. The Injuries Act is not a statute of limitations but creates a new liability which did not exist at common law. It gives a right of action for wrongful death which was unknown at common law and the time fixed within which such action shall be brought is a condition of liability and operates as a limitation of the liability itself and not of the remedy alone. Prior to the adoption of the Injuries Act in 1853, no common law right of action existed to maintain an action against any person causing the death of another by wrongful act. *Carlin v. Peerless Gas Light Co.,* 283 Ill. 142; *Hartray v. Chicago Rys. Co.,* 290 Ill. 85; *Bishop v. Chicago Rys. Co.,* 303 Ill. 273. In the *Hartray* case, *supra,* it was held: "Since the right of action for death by wrongful act is wholly statutory and must be taken with all the conditions imposed upon it, the burden being upon plaintiff to bring himself within the requirements of the statute, it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitations and goes to the existence of the right itself. It is a condition attached to the right to sue at all." The application of the above rule to cases where the employer, under section 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229, sued a third person through whose negligence the employee was injured or killed to recover the award the employer had to pay under the provisions of that act presented considerable difficulty in the trial courts until the question was settled by the opinion in the case of *Schlitz Brewing Co. v. Chicago Rys. Co.,* 307 Ill. 322. In this case the court held: "We think it must be regarded as settled by our decisions that the right of

action conferred on the employer by section 29 is the same right of action the employee had before the adoption of the act, transferred to the employer, and the same Statute of Limitations applies to a suit by the employer which applied to the employee. . . . No action for death caused by wrongful act existed in this State in anyone until the right was created in the personal representatives of the deceased for the benefit of the widow and next of kin by the Injuries Act in 1853. Section 29 authorizes the employer to bring the action for death of the employee, which the personal representatives of the employee might have brought against the party causing the death. By the Injuries Act, suit for a death must be commenced within a year after the death. That is not merely a limitation on the remedy but is a condition of the liability. . . . The right of action depends on a suit being commenced to enforce the right within a year after the death." The court then holds that the effect of section 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229, was simply to transfer the cause of action which the employee or the representatives had against a third party causing the injury to the employers and that the employer is bound to bring his action within one year after the death of the employee the same as the representatives of the latter would be bound to do. In other words, section 29 does not create a new cause of action in the employer to sue a third party for causing an injury to or death of his employee but simply transfers the right of action to the employer which the employee or the representatives had before the passage of the compensation act. That the court fully appreciated the effect of this decision is shown by the following language: "If the construction we have given section 29 will have the effect in many cases of defeating the purpose sought to be accomplished by its enactment the remedy lies with the legislature."

If the insurance company, as subrogee or assignee of the cause of action by virtue of the policy of insurance had any cause of action against appellee it could not be other or different in any event than that which the coal company, the assignor or subrogor, had, and it would have been bound to have brought its action within one year after the death of Hale and it remains to be determined whether the amendment of the declaration making the insurance company the real party in interest, as plaintiff, sets out a new cause of action. In the case of *Allis-Chalmers Mfg. Co. v. City of Chicago,* 297 Ill. 444, it was held: ''Before the passage of section 18 of the Practice act of 1907 no cause of action existed in favor of the assignee of a chose in action. The declaration under which the case was tried states no cause of action against the city except by virtue of the provision of that section. In part it is as follows: 'The assignee and equitable and bona fide owner of any chose in action not negotiable heretofore or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide owner thereof, and set forth how and when he acquired title.' The allegations in regard to any assignment by the Allis-Chalmers Company to the plaintiff do not appear in the original declaration, and no attempt to comply with this section of the Practice Act was made until the filing of the amended declaration on December 2, 1919, six years after the expiration of the period of limitation for bringing suits against the city for damages by reason of the vacation of the street. A declaration in a suit by an assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18, showing the assignment of the chose in action, the actual ownership thereof by him and setting forth how and when he acquired title. A

declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. (*Walters v. City of Ottawa,* 240 Ill. 259; *Prouty v. City of Chicago,* 250 id. 222.) The plea of the Statute of Limitations therefore presented a complete bar to the plaintiff's action. The amendment to the declaration was not a substitution of a proper party plaintiff for one in whose name the action had been improperly begun, but was the statement of a different cause of action in favor of the plaintiff by whom the suit was originally begun, based upon a different and contradictory state of facts.''

Section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, among other things, provides: ''Any proceeding or suit at law or in equity hereafter brought under or by virtue of the subrogation provision or provisions of any contract or under or by any subrogation by operation of law shall be brought either in the name of, or for the use of the subrogee: *Provided* the subrogee shall in his pleading oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide subrogee and set forth how and when he became the subrogee.'' The insurance company was not mentioned in the original declaration and it cannot be presumed that it had any interest therein. The amended declaration states a new cause of action as held in the case last cited, ''based upon a different and contradictory state of facts.'' The limitation of the right to sue for tortious death under the Injuries Act within one year after the death being a condition of the liability itself, may be raised by demurrer. The amended declaration not having been filed within one year after the death of Hale, the alleged cause of action set out therein, if any there be, is barred.

The judgment of the circuit court is affirmed.

*Affirmed.*