Glenn McGirr, Administrator of the Estate of Freda E. McGirr, Deceased, Appellant, v. L. A. Pritchard, Appellee.

### Gen. No. 8,155.

468

Heard in this court at the May term, 1930.　　　　Opinion filed June 11, 1930. Rehearing denied August 27, 1930.

R. D. ROBINSON, for appellant.

HARDY, HARDY & HARDY, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is an action brought by Glenn McGirr, administrator of the estate of Freda E. McGirr, deceased, appellant, against L. A. Pritchard, appellee, to recover damages on account of the death of Freda E. McGirr who was struck by an automobile driven by appellee.

The declaration consists of three counts and was filed on January 26, 1928. Appellant in his declaration

failed to aver either the date of the accident or the date of the death of Freda E. McGirr, nor does it contain any allegation that the action had been commenced within one year from the date of the death of the deceased.

To the declaration appellee filed a plea of not guilty. On March 18, 1929, the court granted appellee leave to withdraw his plea of not guilty and to file a demurrer to the declaration, which was confessed by the appellant. On June 25, 1929, appellant filed a motion for leave to amend the declaration by inserting the date of the death of the deceased in each count thereof, and the court after hearing the arguments of counsel on July 12, 1929, denied it and entered an order dismissing the suit and rendered judgment against appellant for costs of suit to be paid in due course of administration. It is from this order that the appellant prosecutes this appeal. Since the filing of the motion by appellant to amend his declaration section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, as amended, became effective July 1, 1929 and reads as follows:

"At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of action, and in any matter either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense. The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action.

"Any amendment to any pleading shall be held to relate back to the date of filing the original pleading so amended, and the cause of action or defense set up in the amended pleading shall not be barred by laches, or

lapse of time under any statute prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleading that the cause of action asserted, or the defense interposed in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery or defense asserted when such conditions precedent have been in fact performed.''

The question arising upon this record is whether the amendment to said paragraph 39 became operative and effective so as to authorize the amendment to the declaration.

Appellant does not contend that said section 39 of the Practice Act, as amended, in any way affects the rights of the parties litigant to this suit, other than that the appellant claims that the amended section affords the legislative intent for construing section 2 of Cahill's St. ch. 70, ¶ 2, "Injuries Act."

The legal effect and operation of section 2 of chapter 70, of the Injuries Act and the intention of the legislature in passing it, are no longer questions which are open to discussion in this State. The effect and operation of this statute is now well settled as the same has been passed upon and stated in numerous decisions. If the only purpose in calling the amended statute to the court's attention was to throw light upon the legislature's intention in passing the Injuries Act, it does little more than establish that the legislature recognized and knew that, prior to the amendment in question, the operation and effect of the Injuries Act was exactly as contended by appellee, and that such an

amendment to the declaration as proposed by the appellant, would not relate back to the time of filing the original declaration.

The only possible basis that the court might have for holding that said section 39, as amended, in any way affects the rights of the parties litigant to this suit, would be on the ground that the statute is retroactive in its operation, and that the case now before the court was governed thereby, even though the same was started, and the rights of the parties thereto fixed and determined prior to the time said section 39, as amended, became effective.

It is provided in section 2 of the Injuries Act, Cahill's St. 1927, ch. 70, ¶ 2, that an action, such as the instant case, shall be commenced within one year after the death of such person. The present suit was commenced within one year after the death of appellant's intestate, but the declaration did not state a cause of action, in that it did not aver the date of the death of the deceased nor did it contain any allegation that the action had been commenced within one year from the date of the death of the deceased.

In *Devaney v. Otis Elevator Co.*, 251 Ill. 28, at page 33 it is said, "The rule is familiar that when a cause of action is stated for the first time in an amended or additional count, the suit is regarded, as to such cause of action, as having been commenced at the time when such amended or additional count is filed, and if the period fixed by the statute of limitations has run, when such a count is filed, the plea setting up the statute is a proper plea and a good defense for such newly-stated cause of action." To the same effect is *Allis-Chalmers Mfg. Co. v. City of Chicago*, 297 Ill. 444, 449.

The construction apparently put upon the amendment to section 39 of the Practice Act by appellant is to the effect that the rule above announced is no longer of binding force as applied to the case at bar.

In *Hartray v. Chicago Rys. Co.*, 290 Ill. 85, an action under the Injuries Act was begun on November 28, 1910, and the declaration averred that the injuries resulting in death occurred June 27, 1909. The declaration contained no averment that the action was commenced within one year after the death of one Jagielski nor was the date of the death averred. The defendant filed a plea of the general issue and there was a trial resulting in a verdict for the plaintiff. The defendant, on motion in arrest of judgment contended that the declaration, not showing on its face that the action was brought within one year after the death, stated no cause of action, and was insufficient to support any judgment in favor of the plaintiff. The motion was overruled and judgment on the verdict was entered against the defendant. The Appellate Court of the First District reversed the judgment of the superior court, and upon certiorari, the Supreme Court affirmed the action of the Appellate Court, and at page 86 among other things said: "This suit was brought under the Injuries Act, and the time fixed for commencing an action arising under that act is a condition of the liability and operates as a limitation of the liability itself, and not of the remedy alone (*Carlin v. Peerless Gas Light Co.*, 283 Ill. 142; *Goldstein v. Chicago City Ry. Co.*, 286 id. 297.) Since the right of action for death by wrongful act is wholly statutory and must be taken with all the conditions imposed upon it, the burden being upon the plaintiff to bring himself within the requirements of the statute, it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitations and goes to the existence of the right itself. It is a condition attached to the right to sue at all. (*The Harrisburg*, 119 U. S. 199; *Bretthauer v. Jacobson*, 79 N. J. L. 223; *McRae v. New York, New*

*Haven and Hartford Railroad Co.,* 199 Mass. 418;)"
. . . Furthermore, the amendment to the Practice
Act relied upon by the appellant does not specifically
state that it is to be given a retrospective effect.

In *Eddy v. Morgan,* 216 Ill. 437 at 447 the court used
the following language, "Another canon of construc-
tion is, that statutes are to be so construed as to be
given a prospective effect only, unless the will of the
legislature to give it a retrospective effect is declared
in terms so plain and positive as to admit no doubt."
It is a well settled rule of statutory construction that
all statutes will not be given a retrospective effect
unless the intention of the legislature to give it such
effect, is clearly shown. *Miner v. Stafford,* 326 Ill.
204–207; *Thompson v. Alexander,* 11 Ill. 54–55; *People
v. Deutsche Gemeinde,* 249 Ill. 132; *People v. Chicago
& Alton Ry. Co.,* 289 Ill. 282–286.

While the general rule is that statutes are not to be
given retrospective operation except where it is mani-
fest that the legislature intended they should have such
operation, it is not competent for the legislature to give
such operation to an act where it will affect existing or
vested rights. *City of Chicago v. Collin,* 302 Ill. 270–
274; *Dobbins v. First Nat. Bank of Peoria,* 112 Ill. 553–
562.

A cause of action once barred by the statute of
limitations cannot be revived or the right of defense to
an action when once acquired, cannot be affected by a
subsequent amendment or repeal of a statute, and the
right to set up the bar of such a statute, or to interpose
any other defense heretofore acquired to such a suit
is a vested property right and cannot be taken away
by legislation. The right of defense to an action is as
much "property" within the meaning of the constitu-
tion as the right to maintain such an action itself, and
to deprive a person of either, by retroactive legislation,
would be to deprive that person of his property with-

out due process of law. In view of this, together with the total absence of any express provision, or even any implication that it was the intention of the legislature to make the statute retroactive, the amendment in question is not retrospective in its operation, and does not in any way have any effect or bearing upon the rights of the parties in the case now before the court.

*Board of Education v. Blodgett,* 155 Ill. 441, was an action to recover on certain bonds issued by a school board. Recovery on the bonds was barred by the statute of limitations at the time when the statute was amended extending the period of limitation, whereupon the suit was brought. In its opinion, the court at page 447 said: ''In almost all of the States of the Union, in which the question has arisen, it has been held that the right to set up the bar of a statute of limitations, as a defense to a cause of action, after the statute has run, is a vested right, and cannot be taken away by legislation, either by a repeal of the statute without saving clause or by an affirmative act, and that it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages for a tort.'' A right of defense against a money demand arising from the complete running of the statute of limitations is properly within the protection of the constitutional guaranty of due process of law. *Board of Education v. Blodgett,* 155 Ill. 441.

In *Kenfield-Leach Co. v. Industrial Publications,* 320 Ill. 449, at page 451 it is said: ''If a statute confers a vested right it cannot afterward be altered or amended so as to destroy the right, but if a change in the law affects only the remedy or procedure, all rights of action are governed thereby, without regard to whether they accrued before or after such change and without regard to whether suit had been previously instituted or not, unless there is a saving clause as to existing litigation.''

In Cooley's Constitutional Limitations, 6th ed., page 454, under the heading of "Retrospective Laws", it is said:—"Regarding the circumstances under which a man may be said to have a vested right to a defense against a demand made by another, it is somewhat difficult to lay down a comprehensive rule which the authorities will justify. It is certain that he who has satisfied a demand cannot have it revived against him, and he who has become released from the demand by operation of the statute of limitations, is equally protected. In both cases the demand is gone, and to restore it would be to create a new transaction for the parties—a thing quite beyond the power of legislation."

In *Hanley v. Waters,* 255 Ill. App. 239, the court construed section 39 of the Practice Act as amended in 1929 and in doing so held: "An amendment to a declaration in an action for wrongful death under the Injuries Act, Cahill's St. ch. 70, which alleges for the first time that the deceased left surviving next of kin who sustained pecuniary loss as the result of his death is not saved from the operation of the statute of limitations by the amendment in 1929 to section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, in regard to amended pleadings, relating back to the original pleadings, since the new cause of action is not 'substantially the same' as that stated in the original declaration and the failure to allege the survival of next of kin in the original declaration amounts to more than a mere defect in pleading.

"The amendment in 1929 to section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, in regard to amended pleadings relating back to the original pleadings, not specifically stating that it is to be given a retrospective effect, will not be construed as having such an effect.

"If the amendment in 1929 to section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, in regard to

amended pleadings relating back to the original pleadings, is given a retrospective effect and applied to an amended declaration in an action for wrongful death which states, after a lapse of more than two years, for the first time that the deceased left surviving next of kin who sustained pecuniary loss as the result of his death, it will deprive the defendants of their vested right to urge the statute of limitations as a defense.''

We are of the opinion that since the right of action for death by a wrongful act is wholly statutory and must be taken with all the conditions imposed upon it, the burden was on the appellant to bring himself within the requirements of the statute and if the creating a right to institute a suit for damages requires the action to be brought within a specified time it is more than an ordinary statute of limitations but goes to the existence of the right itself. It is a condition attached to the right to sue, and must be complied with and if suit is not instituted within the time required by the statute giving the right to recover damages for a wrongful act it cannot be, by the amendment to the Practice Act in question, extended, nor can the amendment relieve the appellant from performing the necessary conditions precedent to the right of recovery.

In conclusion, we are of the opinion that the trial court did not err in denying the motion of appellant made on June 25, 1929, for leave to amend the declaration. In this court the appellant insists that the amendment to the Practice Act became operative and effective so as to authorize the amendment proposed. For the reasons given herein, the amendment has no application to this case.

The judgment of the circuit court of Knox county is affirmed.

*Judgment affirmed.*