Lucinda Holden, Administratrix of the Estate of
A. T. Holden, Deceased, Appellant, v. Jack Schley
et al., Appellees.

Gen. No. 8,694.

Opinion filed May 24, 1933.

NELSON B. LAYMAN and DECK & JACK, for appellant; JESSE L. DECK, of counsel.

LE FORGEE, SAMUELS & MILLER and WHITLEY & FITZGERALD, for appellees; CHARLES Y. MILLER and JOHN R. FITZGERALD, of counsel.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

A. T. Holden, for whose death this action was instituted, received injuries in an automobile collision on Illinois State Highway Number Two at a point near Radford, in Christian county, from which injuries he died on September 3, 1928. Suit was filed in the circuit court of Macon county to the October, 1929, term, the praecipe for summons being dated August 6, 1929. Service was had on all three defendants within a few days thereafter.

The original declaration consisted of three counts and was filed September 24, 1929. To this declaration general and special demurrers were filed on behalf of all three defendants. During the May, 1930, term of said court, appellant obtained leave of court to file an amendment to said declaration, on August 2, 1930. No argument was had upon said demurrers filed to the original declaration.

Upon the filing of the amendment to the declaration, the court permitted the original demurrers to stand to the declaration as amended. The amended declaration, in order to meet the objections raised to the original declaration, alleged and set forth that the next of kin and beneficiaries of said deceased, A. T. Holden, were in the exercise of due care and caution at and before the time of the collision of the automobiles in question. The original declaration omitted any allegation as to due care and caution on the part of said next of kin and failed to disclose by any facts or circumstances the conduct of said next of kin at and prior to the collision.

Appellant admits by the pleadings and in her brief that the allegation reciting the exercise of due care on the part of the intestate's next of kin is fundamental and necessary, but relies upon the provisions of section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, as amended, contending that under this Act the filing of the amended declaration relates back to the date of the filing of the suit. Upon a hearing the trial court sustained the demurrers to the declaration as amended, and appellant abided by her declaration, as amended. Judgment was accordingly entered for the defendants, and appellant has brought the record by appeal to this court for review.

It is contended that the amendment to section 39 of the Practice Act does not apply to actions brought under the Injuries Act, for injuries resulting in death.

Prior to 1929, section 39 of the Practice Act read as follows:

"At any time, before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of action, and in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense.

"The adjudication of the court allowing the amendment shall be conclusive evidence of the identity of the action."

In 1929 the Legislature amended this statute by adding the following paragraph thereto:

"Any amendment to any pleading shall be held to relate back to the date of filing the original pleading so amended, and the cause of action or defense set up in the amended pleading shall not be barred by laches, or lapse of time under any statute prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited has not expired when the original pleading was filed, and if it shall appear from the original and amended pleading that the cause of action asserted, or the defense interposed in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery or defense asserted when such conditions precedent have been in fact performed."

Under this amendment appellant contends that a declaration under the Injuries Act, Cahill's St. ch. 70,

¶ 2, may be made to conform to the provision of the act at any time before final judgment, by amendment, regardless of the period that has expired after bringing suit. With this contention we cannot agree.

The Injuries Act, Cahill's St. ch. 70, ¶ 2, enacted by the Legislature in 1853, created a cause of action for death for the first time in this State. This statute provides the parties in whose name the suit shall be brought and what shall be done with the proceeds recovered thereunder. It fixes the time in which such action shall be brought. Originally the act provided that suit shall be brought within two years after the death of the deceased. By amendment in 1903 this character of action was limited to one year. This limitation of one year for the right to sue, is not a statute of limitations, but is a condition of liability itself. (*Bishop v. Chicago Railways Co.,* 303 Ill. 273; *Hartray v. Chicago Railways Co.,* 290 Ill. 85; *Carlin v. Peerless Gas Light Co.,* 283 Ill. 142; *Coffin v. Greer College of Motoring,* 248 Ill. App. 584; *Hanley v. Waters,* 255 Ill. App. 239; *Lipcovitz v. Warren Printing Co.,* 249 Ill. App. 368; *Lincoln Park C. & B. Co. v. Wabash R. R. Co.,* 254 Ill. App. 323; *McGirr v. Pritchard,* 258 Ill. App. 467.)

Where an action is brought under the Injuries Act in death cases the plaintiff must bring himself within the conditions of the act. (*Hartray v. Chicago Railways Co., supra; Carlin v. Peerless Gas Light Co., supra; Bishop v. Chicago Railways Co., supra; Welch v. City of Chicago,* 323 Ill. 498.)

A declaration must allege all the circumstances necessary for the support of the action, and one which fails to allege a fact without the existence of which the plaintiff is not entitled to recover, does not state a cause of action. (*Walters v. City of Ottawa,* 240 Ill. 259; *Davis v. St. Paul Coal Co.,* 286 Ill. 64; *Allis-Chalmers Mfg. Co. v. Chicago,* 297 Ill. 444; *Calumet Iron & Steel Co. v. Martin,* 115 Ill. 358; *Stephens v.*

*Illinois Cent. R. Co.*, 256 Ill. App. 111.) In a case of injury causing death it must be alleged and proved that the next of kin or beneficiaries were free from negligence. This is a material part of a plaintiff's case. (*Stephens v. Illinois Cent. R. Co., supra; Hazel v. Hoopeston-Danville Bus Co.*, 310 Ill. 38; *Follett v. Illinois Cent. R. Co.*, 288 Ill. 506; *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424.) Likewise, in a case of injury, not causing death, the allegation that plaintiff was in the exercise of due care and caution is a necessary and material one. (*Steel Co. v. Martin, supra; Gerke v. Fancher*, 158 Ill. 375; *Burns v. Chicago & Alton Railroad Co.*, 223 Ill. App. 439; *Newell v. Cleveland C., C. & St. L. Ry. Co.*, 261 Ill. 505.)

The Injuries Act is not a statute of limitations but creates a new liability which did not exist at common law. The time fixed for bringing an action is a condition of liability and operates as a limitation of the liability itself and not alone of the remedy and procedure. (*Lincoln Park C. & B. Co. v. Wabash R. Co.*, 254 Ill. App. 323; *Hartray v. Chicago Rys. Co., supra; Bishop v. Chicago Rys. Co.*, 303 Ill. 273; *Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322.)

The right of personal representatives to sue for wrongful death under the Injuries Act is not a right of action for personal injuries within the meaning of the Limitations Act. (*Bishop v. Chicago Rys. Co., supra; Coffin v. Greer College of Motoring*, 248 Ill. App. 584.)

An allegation in a declaration that deceased left surviving next of kin who sustained pecuniary loss is an essential element of a cause of action under the Injuries Act. (*Hanley v. Waters, supra; Chicago & Rock Island R. Co. v. Morris*, 26 Ill. 400; *Quincy Coal Co. v. Hood*, 77 Ill. 68; *Lake Shore & M. S. Ry. Co. v. Hessions*, 150 Ill. 546.) In an action brought under the Injuries Act, the allegation in the declaration as to the date of the death of the injured party is a most mate-

rial one. (*Coffin v. Greer College of Motoring, supra; Hartray v. Chicago Railways Co., supra.*) A declaration, not showing upon its face that the action was brought within one year after the death, stated no cause of action and was insufficient to support a judgment in plaintiff's favor. (*Hartray v. Chicago Railways Co., supra.*)

The rule is well established that when a cause of action is stated for the first time in an amended count of a declaration the suit is regarded as having been commenced as to such cause of action at the time of filing the amended count, and if the statute of limitations has then run, it will be a bar to the new cause of action stated in the amended count. (*Allis-Chalmers Mfg. Co. v. Chicago, supra; Bahr v. National Safe Deposit Co.,* 234 Ill. 101; *Devaney v. Otis Elevator Co.,* 251 Ill. 28; *Lipcovitz v. Warren Printing Co.,* 249 Ill. App. 368.)

The amendment is to the Practice Act. Appellant seeks to apply it to the provisions of another and separate act of the statutes, namely, the Injuries Act. It is contended further by appellee that to so extend the amendment to the Injuries Act would contravene the provisions of section 13 of article 4 of the Constitution, which provides as follows:

"No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

In a very similar case, *Bishop v. Chicago Railways Co.,* 303 Ill. 273, where an action was brought under the provisions of section 2 of the act of 1873, entitled "An Act to amend an Act in regard to limitations," a demurrer to a plea of the statute of limitations was sustained, but was reversed by the Supreme Court (290 Ill. 194). Later this action was brought and at page 276 the court said:

"Appellee contends, also, that section 2 of the amendatory act (called in the briefs section 25 of the

Limitations Act) is not applicable to actions arising under sections 1 and 2 of the Injuries Act, to which class the action in this case belongs. This question is not free from difficulty. No right existed at common law to recover for the wrongful death of a person. The Injuries Act passed by the legislature of this State in 1853 created such a cause of action for the first time in this State. This statute provides the parties in whose name the suit shall be brought and what shall be done with the proceeds of a judgment recovered thereunder. It fixes the time in which such action shall be brought. Originally the act provided that suit should be brought within two years after the death of the deceased. By amendment in 1903 this was reduced to one year. The limitation of the right to sue, fixing the exercise of such right within a year, is not a statute of limitations but is a condition of the liability itself. Where action is brought under the Injuries Act in death cases the plaintiff must bring himself within the conditions of the act. (*Hartray v. Chicago Railways Co.,* 290 Ill. 85; *Carlin v. Peerless Gas Light Co.,* 283 Ill. 142.) It is seen, therefore, that the statute which creates the right,—that is, the Injuries Act,—places a limitation, not on defenses to the right of action but upon the right of action itself. The Statute of Limitations may be styled a defense statute; the Injuries Act is purely and simply a liability statute. The provision of the Injuries Act requiring that suit be brought within a year after the death not being a limitation statute, section 2 of the 1873 amendment to the Limitations Act cannot be said to be applicable to cases arising under the Injuries Act unless the right of action in such cases can be seen to be included within the classes of cases embraced by the Limitations Act. . . .

"This proposition need be but stated to make it clear that the legislature could not have had in mind

an extension of the period of liability in a death case by extension of the period of limitation relating to actions for injury to property as provided in the Limitations Act. To hold otherwise would be to say that the legislature intended by the Limitations Act as amended, to extend, not a period of limitations specified in the Limitations Act but one of liability provided for by an entirely separate act. To so hold would be to do violence to the rules for the construction of statutes.''

In the amendment to the Practice Act there is no reference had to the Injuries Act. Statutes are to be construed to give a prospective effect only, unless the intent of the Legislature to give them a retrospective effect is declared in terms so plain and positive as to admit of no doubt. (*Eddy v. Morgan,* 216 Ill. 437; *McGirr v. Pritchard,* 258 Ill. App. 467; *Hanley v. Waters,* 255 Ill. App. 239.) If it is doubtful whether it was the intention of the Legislature to give the act a prospective or a retrospective operation, the act must be given a prospective operation only. *Eddy v. Morgan, supra.* A statute will not be given a retrospective effect unless the legislative intention so to do clearly appears. *Havill v. Havill,* 332 Ill. 11. A statute will not be given a retrospective effect unless the language is so clear as to admit of no other construction. *Jones v. Loaleen Mutual Benefit Ass'n,* 337 Ill. 431.

It is not necessary to elaborate or quote further from the many cases which firmly establish these well known and elementary principles of law, and the judgment of the circuit court of Macon county is affirmed.
*Affirmed.*